CHARLES BAILEY

*v.*

C. A. COWLES.

1. PLEADING — *accord and satisfaction.* In an action of debt upon a writing: obligatory a plea that the defendant was the owner of the equity of redemption in certain property purchased by the plaintiffs at a sale made by a sheriff under execution, and that before the time for redemption expired the plaintiff, in consideration that defendant would waive and release to plaintiff his right of redemption, agreed to release and discharge defendant from the payment of the writing obligatory, and that in pursuance of such agreement the defendant did waive, release and quitclaim his said right of redemption to the plaintiff, is substantially a good plea of accord and satisfaction.

2. SAME — *plea of release and quitclaim in satisfaction of a debt.* Where a defendant pleads a release and quitclaim of his equity of redemption in real estate to the plaintiff, and the acceptance thereof by the plaintiff as an accord and satisfaction, it is not necessary that the plea should allege that such release and quitclaim were under seal.

3. PLEADING AND EVIDENCE — *proof of accord and satisfaction under plea of non est factum or nil debet.* Under the plea of *non est factum* in an action of debt on a writing obligatory, the defendant will not be permitted to prove a release and quitclaim by him to the plaintiff of his equity of redemption in land bought by the plaintiff at sheriff's sale, and the acceptance thereof by the plaintiff in satisfaction and discharge of the debt, though he might be permitted to make such proof under the plea of *nil debet.*

4. Nor can evidence of the acceptance by the plaintiff of a release and quitclaim of an equity of redemption by the plaintiff in discharge and satisfaction of his debt be introduced under a plea of the payment of several sums of money at different times in satisfaction of the debt.

WRIT OF ERROR to the Circuit Court of Woodford County; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

Mr. MARTIN L. NEWELL, for the plaintiff in error.

Messrs. CLARK & ELWOOD, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt, on a writing obligatory, brought to the circuit court of Woodford county by C. A. Cowles, plaintiff, and against Charles Bailey, defendant. The note bore date April 21, 1860, and was for the payment of $645.50, and payable one year after date, with interest from April 1, 1860.

To this declaration the defendant pleaded *non est factum*, verified by his affidavit, and a plea setting forth, in substance, that after making the note, and before the commencement of this suit, the defendant being the owner of the equity of redemption in certain mill property which had been sold by the sheriff on execution to plaintiff as the purchaser, and which, by the laws of Pennsylvania, where the transaction occurred, he had twelve months in which to redeem, before that time expired the plaintiff, in consideration that the defendant would waive and release to plaintiff his right of redemption, agreed to release and discharge defendant from the payment of this note; averring that he did, in pursuance of this agreement, waive, release, and quitclaim to plaintiff all his right to redeem the premises from the sale, which the plaintiff accepted in full satisfaction and discharge of the note.

There was a general demurrer to this plea, which the court sustained, and thereupon the court tried the issue pending, and found for the plaintiff the amount of the note and interest, and rendered judgment therefor.

To reverse this judgment the defendant brings the record here by writ of error, and makes the point, which is the only one in the case, that the demurrer was improperly sus-

tained, he insisting the plea is a good plea of accord and satisfaction.

There are some defects in the plea which might have been removed by a special demurrer, on the authority of *Power* v. *Smart*, 2 Blackf. 315, cited by defendant in error. It is substantially a good plea of accord and satisfaction, and the facts so stated as to be traversable and a proper issue formed. The demurrer admits the facts to be true, as pleaded, and we think they present a valid defense.

It is no objection the release and quitclaim are not alleged to be under seal. It was held in *Illinois Central Railroad Company* v. *Read*, 37 Ill. 484, this was unnecessary. The plea sets up an accord, which is defined to be a satisfaction agreed upon between the parties, which, when performed, operates as a bar to all actions upon that account. *Ætna Ins. Co.* v. *Stevens*, 48 Ill. 32.

It is said plaintiff in error has not been injured by the ruling of the court, even if the same is erroneous, as he could have given the matter of his special plea in evidence under the general issue or under the plea of payment.

Had the general issue been *nil debet*, he might so have done, but under *non est factum* it could not be admitted. 1 Ch. Pl. 483, 484.

Nor could defendant avail of this defense under the fourth plea, which defendant in error styles a plea of payment. It is not, technically, a plea of payment, but a plea of satisfaction, by the payment of several sums of money to plaintiff at different times. Under this plea, with such allegations, the release and quitclaim of an equity of redemption would not be admissible; so that defendant has been deprived of all opportunity to present his defense to the action.

We think the plea of accord and satisfaction was substantially well pleaded. Sustaining the demurrer to it was error, and for this error the judgment must be reversed, and the cause remanded, with leave to defendant in error to withdraw the demurrer and take issue upon the plea.

*Judgment reversed.*