JOHN D. SLADE, APPELLANT, V. SWEDEBURG ELEVATOR
COMPANY, APPELLEE.

FILED MARCH 6, 1894. No. 5695.

1. **Accord and Satisfaction.** A compromise of honest differences, whereby a less sum than that claimed has been paid and accepted in full of plaintiff's claim, bars the right of plaintiff to insist upon a recovery of the amount originally claimed by him.

2. **Review:** EVIDENCE OF COMPROMISE. Where there is sufficient evidence to justify a finding that there has been an executed compromise of all differences between the parties to the action, the judgment of the trial court will not be reversed.

APPEAL from the district court of Saunders county.
Heard below before BATES, J.

*Abbott, Selleck & Lane*, for appellant:

In cases of contract for the payment of a sum of money the payment of a less sum will not be a good satisfaction unless it was paid before due, or upon some other new and valid consideration. (2 Greenleaf, Evidence, sec. 28; Bishop, Contracts, sec. 50; *Price v. Treat*, 29 Neb., 544; *Abbott v. Royce*, 3 N. Y. Supp., 503; *Duluth Chamber of Commerce v. Knowlton*, 42 Minn., 229.)

*Simpson & Sornborger*, contra, cited: *Pulliam v. Taylor*, 50 Miss., 257; *Bull v. Bull*, 43 Conn., 465; *Preston v. Grant*, 34 Vt., 203.

RYAN, C.

This action was brought by the appellant in the district court of Saunders county, Nebraska, to enforce a claim for a balance alleged to be due from appellee to appellant for constructing its elevator. The contract for the erection was oral, and, as would naturally be expected, there exists a conflict of evidence as to its terms and conditions. The

answer alleged that the elevator was very defectively constructed, and that it was not completed as agreed, and that, therefore, the elevator company refused to pay the amount to which appellant would have been entitled upon full compliance with the terms of the aforesaid contract; that to settle the differences it was agreed finally that appellant should be paid the sum of $350 in full of his claim against appellee, which proposition was assented to by appellant, whereupon that sum was paid by appellee to appellant, and that there was nothing due when this action was begun. This was denied by a reply duly filed.

The evidence was not at all satisfactory as to anything connected with the building of the elevator, and as to the alleged final settlement it is but little better. There was, however, sufficient relevant evidence from which the court might conclude that there had been made a compromise of honest differences between these contracting parties, and that pursuant to the terms of such compromise all matters of difference had been fully settled. The judgment of the district court is therefore

AFFIRMED.