FREDERICK E. GOBLE v. AMERICAN NATIONAL BANK OF KANSAS CITY, MISSOURI.

FILED JANUARY 22, 1896.    NO. 5918.

Pleading: ACCORD AND SATISFACTION. To a petition upon a cause of action not controverted, where there is attempted to be pleaded an accord and satisfaction, the plea is bad when the performance necessary to constitute the satisfaction is not alleged.

ERROR from the district court of Webster county. Tried below before BEALL, J.

*James McNeny*, for plaintiff in error.

References: *Evans v. Powis*, 1 Exch. [Eng.], 601*; *Good v. Cheesman*, 2 B. & Ad. [Eng.], 328; *Sard v. Rhodes*, 1 M. & W. [Eng.], 153; *Billings v. Vanderbeck*, 23 Barb.

[N. Y.], 546; *Goodrich v. Stanley,* 24 Conn., 613; *Bige-low v. Baldwin,* 1 Gray [Mass.], 245; *Hall v. Smith,* 15 Ia., 584; *Merry v. Allen,* 39 Ia., 235; *Babcock v. Hawkins,* 23 Vt., 561.

*George R. Chaney, contra.*

RYAN, C.

The American National Bank of Kansas City, Missouri, as indorsee, brought an action in the district court of Webster county, upon a promissory note executed by the defendant, of date May 8, 1891, payable thirty days after date to the First National Bank of Red Cloud. The answer of the defendant was to the effect that while plaintiff was the owner of the note sued upon, the defendant agreed with plaintiff to turn over to plaintiff a sufficient number of cattle owned by defendant at a price to be fixed by one Samuel Temple, to pay off and discharge the said note, and, in consideration of the promise and agreement aforesaid made by defendant to plaintiff, the plaintiff on its part agreed to turn over, deliver, cancel, discharge, and surrender to this defendant the note sued upon, and in consideration of the mutual agreement then entered into by defendant and plaintiff, the said plaintiff agreed to cancel and deliver up to defendant the note sued on; and the defendant alleged that he, at all times from the making of said agreement, had been ready and willing to perform and fulfill said agreement in all things on his part to be performed, and to take and accept the said note sued on, and to turn over to plaintiff the cattle so agreed to be turned over. A demurrer was sustained to this defense, and judgment was thereupon rendered against the defendant, who prosecutes error proceedings to this court.

We have not been favored with a brief by the defendant in error, but in the brief of the plaintiff in error we find quoted from 2 Parsons, Contracts [6th ed.], p. 836, this

language: "If he [the defendant] sets forth the agreement in such a manner that it appears upon the face of the plea that performance, and not the promise to perform, was to be received in satisfaction, and does not aver performance, the pleading will, of course, be bad." Referring to the averments in the answer we find that, as alleged, "the defendant agreed to and with plaintiff to convey and turn over to plaintiff a sufficient number of cattle which the defendant then owned * * * to pay off and discharge the said note," etc. From this statement no other conclusion can be reached than that there was a promise to accept payment of the note in cattle. From the other averments of the answer it is also clear that neither the cattle were selected nor yet was there a price fixed. There was, therefore, no averment of performance, and the pleading, within the above rule, was properly held bad. The judgment of the district court is

AFFIRMED.