FERDINAND VAN HOUSEN v. HERMAN BROEHL.*

FILED MARCH 22, 1899. No. 8848.

1. **Accord and Satisfaction: PLEADING.** Where the defense to an action is accord and satisfaction, the plea, to be good, must aver an acceptance by the creditor, in satisfaction of his debt,

*Rehearing allowed.

of the property which the debtor alleges he delivered to him in full payment of the claim sued for.

2. ——: ——. Answer examined, and *held* not to state a defense.

ERROR from the district court of York county. Tried below before BATES, J. *Reversed.*

*George B. France,* for plaintiff in error:

The answer does not sufficiently plead accord and satisfaction as a defense, because it fails to state that the property delivered to plaintiff was of any value, and because it fails to allege that plaintiff received the property in satisfaction of the claim against defendant. (*Davis v. Nokas,* 3 J. J. Marsh. [Ky.] 494; *Young v. Jones,* 64 Me. 563; *Cushing v. Wyman,* 44 Me. 121; *Sheets v. Russell,* 40 N. E. Rep. [Ind.] 30.)

*Harlan & Taylor,* contra.

References: 1 Ency. Pl. & Pr. 77, 79; *Bailey v. Cowles,* 86 Ill. 333; *Weeks v. Zimmerman,* 4 N. Y. Supp. 609; *Hasted v. Dodge,* 35 N. W. Rep. [Ia.] 462; *Jaffray v. Davis,* 124 N. Y. 164; *Bull v. Bull,* 43 Conn. 455; *Watson v. Elliott,* 57 N. H. 511.

RAGAN, C.

Ferdinand Van Housen sued Herman Broehl in the district court of York county upon a promissory note. As a defense to the action Broehl alleged in his answer that when he gave the note he secured its payment by a chattel mortgage upon five head of horses owned by him; that the payee of said note sold and delivered the same to one Henry Van Housen, Sr.; that while he was the owner of said note the defendant, at his request, delivered to him the five head of horses covered by the chattel mortgage, "with the express understanding and agreement between said Henry Van Housen, Sr., and this defendant that the said horses were to be accepted in full payment for said note and mortgage and the said mort-

gage was to be canceled of record." Broehl had a verdict and judgment. Van Housen prosecutes error.

Does this answer state a defense? The suit is upon a promissory note, the execution and delivery of which the defendant admits, but pleads payment,—not a payment in money of the amount due on the note, but a delivery to the creditor of certain property in settlement of the debt. The averment is that the debtor, at the request of the creditor, delivered to him five head of horses, in pursuance of an agreement between them that said horses were to be accepted by the creditor in full satisfaction of his debt. Giving this answer the liberal construction required by section 121 of the Code of Civil Procedure, the most that can be said for it is that the defendant and his creditor agreed that the latter would accept the horses in full satisfaction of the debt, and in pursuance of that agreement the debtor delivered such horses to the creditor; but there is no averment in the answer that the creditor did actually accept the horses, nor can this inference be drawn from a liberal construction of the language of the pleading. This answer is in the nature of a plea of accord and satisfaction, and such a plea, to be good, must aver an acceptance by the creditor in satisfaction of his debt of the property which the debtor alleges he delivered to him in full payment of the claim sued for. (*Goble v. American Nat. Bank*, 46 Neb. 891.) In support of his contention that the answer states a defense counsel for the defendant in error cite *Bailey v. Cowles*, 86 Ill. 333. In that case the plea was that the defendant was the owner of the equity of redemption of certain real estate purchased by the plaintiff at a judicial sale; that the defendant had the right to redeem from said sale; that, before the time of redemption expired, the plaintiff agreed that if the defendant would waive his right to redeem the real estate, the plaintiff would accept such a waiver in full satisfaction of his debt against the defendant, and that the defendant did then and there quitclaim to the plaintiff his right to redeem

said real estate; and that the plaintiff accepted said quit-claim in full satisfaction of his debt. The case cited is distinguishable from the one at bar, in that the plea in the cited case averred an acceptance by the creditor of the thing which he agreed to accept in satisfaction of his debt, while in the case at bar the answer merely alleges an agreement upon the part of the plaintiff to accept the horses in satisfaction of his debt and their delivery to him by the defendant, but does not allege that the defendant accepted the horses in pursuance of that agreement. The answer states no defense. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.