FERDINAND VAN HOUSEN v. HERMAN BROEHL.

FILED OCTOBER 5, 1899.   No. 8,848.

1. **Pleading**: DEMURRER TO ANSWER. If an answer raises material issues upon the allegations of the petition, a general demurrer will be overruled; and this is true if one defense is not well pleaded, or open to attack by the demurrer, and others or another is sufficient.

2. **Answer**: FINDINGS: VERDICT. Where, of two pleas in an answer, one is sufficient and the other not, and, of the findings to support the verdict rendered, the one on the good plea is essential, it may sustain the verdict.

3. **Conflicting Evidence**: REVIEW. A finding on conflicting evidence which has sufficient thereof in its favor will not be disturbed on error to the supreme court.

4. **Immaterial Evidence**: HARMLESS ERROR. The admission of incompetent and immaterial evidence will not work the reversal of a judgment, if no prejudice resulted to the rights of the complainant.

5. **Instructions**: HARMLESS ERROR. Alleged errors of the giving or refusals of instructions are not available if it is clear they were not harmful to the plaintiff in error.

REHEARING of case reported in 58 Nebr., 348. *Judgment below affirmed.*

*George B. France,* for plaintiff in error.

*Harlan & Taylor, contra.*

HARRISON, C. J.

The plaintiff instituted this action to recover an amount alleged due him upon a promissory note which, it was further pleaded, had been executed and delivered to him by the defendant. In the answer the execution and delivery of the note were admitted; but it was pleaded that the plaintiff had, prior to the commencement of the suit, sold or disposed of the note, and that he was the owner was denied. It was also stated in the answer that at the time of the execution of the note, to secure its payment, the maker had made and delivered to the payee a mortgage on certain personal property; that the note had been by the payee sold to, and was owned by, one Henry Van Housen, Sr., to whom, subsequent to the time he became the owner of the note, the payee delivered the property described in the mortgage, "with the express agreement and understanding that said property was to be accepted in full payment of the note and the mortgage was to be canceled of record." During the trial there was for the plaintiff an objection to the reception of any evidence on behalf of defendant on the ground that the answer did not state a defense, or there was a general demurrer *ore tenus* to the answer. This was overruled, and the trial proceeded, and resulted in a verdict and judgment for the defendant. The plaintiff prosecuted error to this court. The matter was submitted, and in an opinion filed March 22, 1899, the judgment was reversed. For report of the decision see *Van Housen v. Broehl,* 58 Nebr., 348. A motion for a rehearing was sustained, and the case has been again presented.

In the former opinion it was determined that inasmuch

as there was not a statement in the answer that the property delivered to the alleged owner of the note and mortgage had been by him accepted in full payment, the attempted plea of accord and satisfaction was incomplete, lacked a material averment, and the answer did not state a defense.    With the conclusion embodied in the former decision relative to the necessary averments of the plea of accord and satisfaction we are satisfied, but the answer also raised an issue of the ownership of the plaintiff of the note upon which the action was predicated, and the point thus placed in dispute was a material one.    That the note was not owned by the plaintiff, but was the property of another person was matter of defense.    See *Johnson v. Chilson*, 29 Nebr., 301.    It follows that the answer in the case at bar stated a defense, and that it was not error of the trial court to overrule the objection, or what was in effect a general demurrer to the pleading.    It follows that the assignment in regard to the error of the trial court in deciding against this attack on the answer must be declared without avail.    One of the essential findings underlying the verdict for defendant was that the note had been transferred by its named payee, the plaintiff, and did not belong to him, and while the evidence on this point was conflicting, there was sufficient to  sustain the decision of the jury and it will not be disturbed.

It is argued that there were admissions of incompetent and immaterial evidence.    If there were any errors in the matters of this nature to which our attention has been challenged they were wholly without prejudice to the rights of complainant, and could not work a reversal of the judgment.    See *Gibson v. Sullivan*, 18 Nebr., 558.

It is also urged that the trial court erred in one instruction given, and in its refusals to charge the jury in requests preferred for the plaintiff.    An examination of these, in connection with the issues as framed and presented by the pleadings and evidence, convinces us that there was nothing done or omitted which prejudiced the

rights of the plaintiff.   The judgment of the district
court is

AFFIRMED.