[No. 2471.]

THE COLORADO TRADING AND TRANSFER COMPANY v. OLIVER.

1. **Continuance—Discretion—Appellate Practice.**

Applications for continuance are addressed to the discretion of trial courts, and their rulings thereon should not be disturbed by the appellate court except in cases of clear abuse of such discretion.

2. **Same.**

It was not an abuse of discretion to deny a motion for continuance on the ground of illness of counsel, made the day before the cause was set for trial, where it does not appear that the motion was promptly made after applicant learned that his attorney would not be able to try the cause and where the amount involved was small and the issues simple and where new counsel was secured who tried the cause.

3. **Contracts—Weights—Evidence.**

In an action for the price of hay where the contract of sale was per ton, "baler's weights" at the stack yard, and the uncontradicted evidence showed that the hay delivered amounted, according to "baler's weights," to the quantity stated in the complaint, it was not error to exclude testimony as to the weight of the hay on the purchaser's scales after shipment.

*Appeal from the District Court of Pitkin County.*

Mr. ARTHUR MALTBY and Mr. R. G. WITHERS, for appellant.

Mr. E. A. MARTIN, for appellee.

GUNTER, J.

Money judgment for appellee. Therefrom this appeal.

1. Error is charged in denying appellant's application for a continuance. The facts were: January 14, the case was set for trial January 16. On the latter date appellant moved for a continuance to a date not earlier than January 26, basing the application on the absence of a material witness. The application was granted and the case reset for January 31. January 30, appellant again moved for a continuance. The affidavit in support thereof alleged that appellant's attorney was so ill that he would be unable to try the case on the day set, January 31, or at any time within ten days thereafter. Further, that he was the only attorney acquainted with the facts of the case, and that any attorney unacquainted with such facts could not try the cause.

For aught that appears appellant had known for some days that his counsel would not be able to try the cause on the day set. If so, the application for a continuance should have been made earlier. For aught that appears much expense had been incurred in securing the attendance of witnesses for this the second setting of the cause. So far as appears the jury was being held for a trial of this case, and its continuance for ten days would have worked a continuance of the case for the term. The amount involved in the case was small, the issues simple, and the facts easily understood. In but little time new counsel could acquaint himself with the case. When the motion was denied new counsel was secured and tried the cause.

Applications for continuance are addressed to the discretion of the trial courts, and their rulings thereon should not be disturbed except in cases of clear abuse of such discretion.—*Dawson v. Coston,* 18 Colo. 493; *The Baldwin Coal Company v. Davis,* 15 Colo. App. 371, 375; *Doll v. Stewart,* 30 Colo. 320.

We cannot say that the trial court abused its discretion in denying the motion for a continuance, or that appellant sustained any prejudice therefrom.

2. There was no real conflict in the evidence, and it would not have been error had the court directed a verdict for appellee in the amount sued for. The facts were: Appellee contracted in writing to sell to appellant his hay at $8 per ton, "baler's weights." It appeared from appellant's witness and agent, Ashby, that the hay so contracted to be sold was received by appellant in the stack yard. The title to the hay then and there passed to appellant. The hay, according to "baler's weights" was of the quantity alleged in the complaint; the payments made were as therein stated, and the balance due the amount therein claimed. There was no question for the jury.

The hay—except a few bales—was hauled to the railway station by the employees of appellant, and from there shipped by rail to Cripple Creek. The trial court rightly excluded as immaterial evidence tendered by appellant for the purpose of showing the weight of the hay on appellant's scales after its arrival at Cripple Creek, because the written contract under which the sale was made provided that the weight of the hay should be according to "baler's weights." There was no conflict in the evidence but that the hay amounted, according to "baler's weights," to the quantity stated in the complaint.

There was no evidence of a modification or rescission of the written contract sued on.

The judgment should be affirmed.

*Affirmed.*