Crilly v. Ruyle.

HUGH CRILLY, APPELLANT, V. HENRY RUYLE, APPELLEE.

FILED JUNE 29, 1910. No. 16,104.

1. **Appeal: REPLY.** Where during the trial of a cause both parties treat an affirmative defense as denied, it will be so considered in this court, although the plaintiff filed no reply either before or after judgment. *Missouri P. R. Co. v. Palmer*, 55 Neb. 559.

2. **Payment, Plea of: SUFFICIENCY.** A general allegation in an answer that the plaintiff's demand has been paid, if not attacked by motion before trial, is sufficient to permit the introduction of evidence to prove payment.

3. ——: **ACCORD AND SATISFACTION: EVIDENCE.** If payment is the sole affirmative defense pleaded in an answer, evidence tending to show an accord and satisfaction with respect to the subject matter of the suit should not be received over the plaintiff's objection.

4. **Sales: AGREEMENT AS TO WEIGHTS.** Where a vendor and a vendee agree that live stock shall be weighed by the former and the weights thus ascertained less a shrinkage of 2 per cent. accepted by the latter, the vendee, in the absence of fraud or mistake, is concluded by such weights.

5. **Trial: AUTHORITY OF AGENT: QUESTION FOR JURY.** Where one man's authority to represent another becomes material during the trial of an action at law and the evidence upon that point is conflicting, the issue should be submitted to the jury.

6. **Banks and Banking: AGENCY.** A bank charged with the duty of collecting a draft is the drawer's agent.

7. **Accord and Satisfaction: UNACCEPTED DRAFT: PARTIAL PAYMENT.** The mere payment of part of the face of an unaccepted draft by the drawee, accompanied by a statement that he owes no more than the amount of that payment and will pay nothing further, is

insufficient to support a plea of accord and satisfaction, although the drawer may have accepted the payment; but, if the parties disagree concerning the amount due and the drawee at the time he makes such payment states in effect it is made upon condition that it shall be received in full satisfaction of the drawer's demand, acceptance of the payment will work an accord and satisfaction between the parties.

8. Sales: Live Stock: Acceptance: Agreement as to Feed and Weights: Question for Jury. Where the vendor and the vendee of live stock disagree as to whether or not the former promised the latter that intermediate the date of the contract and the delivery of the live stock the animals should not be fed alfalfa, and the vendee accepts the stock, he will not be permitted thereafter to renounce his agreement to accept the vendor's weights unless he proves that such feeding worked to his prejudice and he did not know before he accepted the stock they had been so fed; and those facts should be submitted to the jury upon proper instructions.

9. ————: ————: ————: Waiver. And if the evidence, although in sharp conflict, tends to prove that an agent of the vendee clothed with authority to accept the cattle did accept them with knowledge that they had been fed alfalfa, and made no protest on that score, the vendee will not be heard, after securing possession of the animals, to repudiate the vendor's weights for the reason that the stock had been fed in violation of the terms of the agreement.

APPEAL from the district court for Franklin county: HARRY S. DUNGAN, JUDGE. *Reversed.*

*George Marshall* and *W. C. Dorsey,* for appellant.

*R. W. Sabin* and *A. H. Byrum, contra.*

ROOT, J.

This is an action to recover an alleged balance due upon a sale and delivery of cattle. The defendant prevailed, and the plaintiff appeals.

The defendant is a farmer and live stock dealer. He owns land in Franklin county and in Gage county, but resides near Rockford, in Gage county. The plaintiff in 1907 resided in the village of Campbell, Franklin county,

was engaged in the live stock business, and his feed yards and pasture joined the stock pens of the railway in said village. The latter part of September of said year the defendant and the plaintiff agreed orally that the former should purchase from the latter 36 stock cattle for three different prices according to the sex and grade. The cattle were to be weighed at Campbell, and 2 per cent. of the gross weight deducted as shrinkage. To this point the parties are in accord, but the evidence concerning the remaining details of the contract and their conduct is in conflict. The plaintiff testifies the defendant agreed that his employee, a Mr. James, should assist in weighing and would receive the stock, whereas the defendant testifies that James was to merely assist in weighing and loading the cattle, and that he had no authority to represent and did not represent his master. The defendant testifies that the parties agreed the animals were not to be fed alfalfa, and he produced evidence tending to prove that during the week intermediate the making of the contract and the shipment of the stock they were so fed. The plaintiff testifies there was no such agreement, that the defendant knew the cattle had access to an alfalfa pasture, and that no alfalfa hay was fed to them. The proof indicates that cattle fed upon green or partially cured alfalfa will lose considerable weight during transportation. The cattle were weighed in the presence of Mr. James and shipped to Rockford via Beatrice. At the last named point they were unloaded, rested, fed, watered and then transported to Rockford, eight miles distant. The defendant testifies he weighed the cattle over the railway scales at Rockford, and by comparing the weight thus ascertained with the statement of weights sent him by the plaintiff from Campbell learned that the stock had shrunk, in addition to the 2 per cent. deducted according to the agreement, 3,810 pounds. The defendant contends that, had the cattle been fed according to agreement and accurately weighed at Campbell, there would have been no such shrinkage, and argues that by an accord and satis-

faction and the payment of $750 he has satisfied the plaintiff's demand.

1. The petition recites the contract from the plaintiff's standpoint, credits the defendant with $750, and demands judgment for the balance due according to the Campbell weights. The defendant answers by way of a general denial, admits he purchased cattle from the plaintiff, and charges "that he paid plaintiff the full value of said cattle on the terms and conditions upon which he purchased said cattle from said plaintiff, and that he has fully settled with the said plaintiff for same before the commencement of this action, and that he is not owing the said plaintiff, or indebted to him in any sum whatsoever." To this answer no reply was filed. We are met at the threshold of this case with the defendant's assertion that the plea of payment stands undisputed, and the verdict therefore should be sustained notwithstanding the evidence. The defendant tried the case as though his plea of payment had been traversed. While section 134 of the code provides that every material allegation of new matter in an answer not controverted by a reply shall for the purpose of the action be taken as true, yet a litigant will not be permitted to try his case in the district court as though a reply traversing the allegation in his answer were on file and insist in this court that no reply was filed. *Schuster, Hingston & Co. v. Carson,* 28 Neb. 612; *Pokrok Zapadu Publishing Co. v. Zizkovsky,* 42 Neb. 64; *Missouri P. R. Co. v. Palmer,* 55 Neb. 559; *Minzer v. Willman Mercantile Co.,* 59 Neb. 410; *In re Estate of Cheney,* 78 Neb. 274.

2. The plaintiff argues that the pleader states conclusions, and not facts, with respect to payment, and the answer does not present that defense. The pleading is vulnerable to a motion to make more specific, but, if not attacked in that manner before trial, is sufficient to present the defense of payment. *Keys v. Fink,* 81 Neb. 571; *Swett v. Southworth,* 125 Mass. 417; *Goss v. Calkins,* 164 Mass. 546; 30 Cyc. 1254.

**3.** Over the plaintiff's objections, evidence was received to prove an accord and satisfaction, and the court submitted that defense to the jury. An accord and satisfaction is predicated upon an agreement between the parties based upon a consideration and fully executed on the part of the defendant, whereby the plaintiff's cause of action is satisfied or discharged. The answer presents no such a defense. *Van Housen v. Broehl,* 58 Neb. 348, 59 Neb. 48; *Coit & Woolsey v. Houston,* 3 Johns. Cases (N. Y.) *243; *City of Rawlins v. Jungquist,* 16 Wyo. 403, 96 Pac. 144; 1 Cyc. 341; Maxwell, Pleading and Practice (4th ed.) 140. We cannot say the evidence upon a second trial will necessarily sustain a plea of an accord and satisfaction. According to the agreement the cattle were to be weighed in Campbell, and, in the absence of fraud or mistake, the defendant should be concluded by those weights. *Colorado Trading & Transfer Co. v. Oliver,* 20 Colo. App. 257, 78 Pac. 308. There is no allegation in the answer that fraud was practised, or mistake occurred, in weighing the cattle at Campbell. The defendant testifies he wrote a letter to the plaintiff November 7, 1907, before the $750 was paid, informing him the cattle arrived in good condition, but the shrinkage was so great the witness would not pay according to the Campbell weights, but had sent the $750 in full satisfaction of the plaintiff's claim. The defendant testifies the letter was placed in the United States mail, but does not state he attached any postage stamps to the envelope. The plaintiff denies having received any such letter. Upon proof of all the facts necessary to create a presumption that the letter was received by the plaintiff, the jury should say whether they believed the plaintiff's denial, rather than the testimony sustaining the presumption. If the defendant did not write the letter, or if it were written but was not received by the plaintiff, the proof is not conclusive he was informed the money had been sent upon condition that it should be accepted in satisfaction of a disputed claim. The defendant argues that the German National Bank at Beatrice was

the plaintiff's agent for the collection of the draft, and, since the money was paid the bank upon condition that the plaintiff should accept that money in satisfaction of his demand, that the defense of an accord and satisfaction is thereby established. Upon this phase of the case, the defense depends upon the statements made to the cashier of the German National Bank at Beatrice at the time the $750 was paid. The proof establishes that the plaintiff drew on the defendant through the bank at Campbell; that bank forwarded the draft to the German National Bank of Beatrice. The Beatrice bank notified the defendant, but retained the draft a few days at Ruyle's request. Subsequently Ruyle paid the Beatrice bank $750, which it transmitted to the Campbell bank with a written statement that the money was a part payment and that Ruyle would write. The Campbell bank wrote to the Beatrice bank to the effect that the $750 would not be accepted unless the remainder of the collection was transmitted. The Beatrice bank answered: "He (referring to Ruyle) says return and will not pay the balance because weights were all wrong." So far as we are advised, no answer was made to this letter, but Crilly kept the money. The defendant testifies that, when he paid the German National Bank $750, he told its cashier, "I paid him that in full payment of the draft," and, in answer to a leading question propounded by his counsel, the witness stated he informed said cashier that, unless Crilly accepted the $750 in satisfaction of his claim, he must return the money. The plaintiff is not entirely clear in his testimony that he knew or did not know the $750 was paid upon condition that it should be received in satisfaction of a disputed account. Since there is no proof that Ruyle directed Crilly to draw through the German National Bank, we should hold the Beatrice bank acted as Crilly's agent. *First Nat. Bank v. Sprague,* 34 Neb. 318. It will be presumed in the state of the record that the Beatrice bank transmitted to its principal whatever information it received from Ruyle concerning the collection. Story,

Crilly v. Ruyle.

Agency (9th ed.) sec. 140. However, the evidence of the cashier of the German National Bank was not produced, and the plaintiff in the state of the pleadings was not bound to anticipate the testimony of that witness would be material. If that witness is produced, he may deny that Ruyle informed the bank he would pay the $750 only upon condition that it should be accepted in satisfaction of Crilly's entire claim, or that the money should be returned if not thus accepted. The mere fact that a debtor states that a payment is in full of his account does not make it conditional, so that the creditor cannot accept the money without discharging the account. *Canadian Fish Co. v. McShane*, 80 Neb. 551; *Sampson v. Northwestern National Life Ins. Co.*, 85 Neb. 319; *McKinnon v. Holden*, 85 Neb. 406. If, however, upon an issue of accord and satisfaction the jury shall find upon competent evidence and proper instructions that Ruyle informed the bank he paid the $750 upon condition that it should be accepted by Crilly in satisfaction of the latter's claim, the plaintiff's suit will be defeated. *Slade v. Swedeburg Elevator Co.*, 39 Neb. 600; *Treat v. Price*, 47 Neb. 875; *Chicago, R. I. & P. R. Co. v. Buckstaff*, 65 Neb. 334.

4. The plaintiff contends that James represented the defendant in weighing and receiving the cattle, and for that reason the demand became and is liquidated, so that there was no consideration for an agreement to accept from the defendant less than the face of the account. The evidence concerning James' authority is in sharp conflict and we think the issue should have been submitted to the jury. If by reason of fraud or mistake the Campbell weights are not correct, there is a basis for a controversy between the parties, even though James did represent the defendant, and the claim cannot be said to be liquidated so as to leave no opportunity for a binding compromise between the parties. It may not be amiss to state that the defendant and his counsel assume the weights Ruyle testifies to are correct, but there is opportunity for speculation and doubt concerning their accuracy. The plaintiff

had no representative present at the time Ruyle weighed the stock, nor was notice sent to, or opportunity given, Crilly to have an agent on hand to balance the scales or verify the weights. The defendant testifies another man was present when the cattle were weighed at Rockford, but he was not produced or his evidence presented in the trial of the case.

5. The court instructed the jury, in substance, that if they found the parties had agreed the cattle should be fed as testified to by the defendant, and the plaintiff executed this part of the contract, correctly weighed the animals, and there was a balance due him, they should return a verdict for that amount. But the court did not instruct the jury concerning the legal effect of an acceptance of the stock by the defendant with knowledge that they had been fed alfalfa, nor inform the triers of fact that the defendant could not reject the Campbell weights for the sole reason the cattle were not fed according to agreement. If James knew before the cattle were weighed that they had been fed alfalfa, and he had authority to receive the stock, Ruyle, after such receipt, should not be permitted to reject the Campbell weights because the cattle had not been fed according to the contract. Furthermore, if the plaintiff's failure to observe his contract in feeding the cattle did not prejudice the defendant, he should not be permitted to accept the cattle, and also question the Campbell weights because the stock had not been fed according to the contract. We think the court placed too much stress on the item of feed, and failed to instruct the jury concerning the result that should flow from a violation of that part of the contract, if the parties agreed thereto. *Gugler v. Omaha & C. B. Street R. Co.*, 86 Neb. 586.

The judgment of the district court will be reversed and the cause remanded, with permission to the parties to file amended pleadings. A transcript of the bill of particulars and the answer filed in justice court is in the transcript before us, and an examination thereof satisfies us there will be no substantial departure from the issues

in the justice court if the pleadings are amended to conform to this opinion.

REVERSED.