PETER FREDERICK, SR., APPELLEE, v. HANNAH C. MORAN, APPELLANT.

FILED OCTOBER 21, 1911.   No. 16,917.

1. **Accord and Satisfaction:** PLEADING.   "To a petition upon a cause of action not controverted, where there is attempted to be pleaded an accord and satisfaction, the plea is bad when the performance necessary to constitute the satisfaction is not alleged."   *Goble v. American Nat. Bank,* 46 Neb. 891.

2. **Evidence** examined, and it is found that an accord and satisfaction is not proved.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE.   *Affirmed.*

*Clarence Gillespie* and *Edwin Falloon,* for appellant.

*Reavis & Reavis, contra.*

REESE, C. J.

This is an action to foreclose a mortgage on lots 21, 22. 23 and 24, in block 135, in the city of Falls City, Richardson county. The petition may be said to be in the usual form, although unnecessarily elaborate, and seeks the foreclosure of a mortgage given by the defendant to secure two promissory notes of $666.67 each, one due January 8, 1908, the other due January 8, 1909; they and the mortgage bearing date January 30, 1907. As no question is raised upon the petition, it need not be further

noticed. The defendant filed a pleading, denominated by her as an "answer and cross-petition," in which she admits the execution of the notes and mortgage, alleges that since their execution, but without giving the date, she intermarried with one Albert Sherwood, and under that name she answers the petition. No change was made in the title of the cause, and, as she prosecutes her appeal in the name of Moran, the cause will stand as presented.

In order to an understanding of the matter presented as a defense, we here copy the remainder of the answer in full: "As a defense to said action, this defendant alleges: That she is a physician and surgeon, and has been engaged in the practice of her profession at Falls City, Nebraska, for 17 years; that some time prior to about the 1st day of June, 1909, the plaintiff employed this defendant to treat him for impotence, agreeing at the time that, if she cured him of this malady, he would give her the notes described in said petition, but in any event defendant was to be paid for her time and medicine; that after this defendant had treated the plaintiff for a long time, had furnished him medicine, and had also treated his wife for other ailments, on or about the 1st day of June, 1909, the plaintiff expressed to the defendant the opinion that he was cured, and he then agreed that if this defendant would cancel her bill that she had against him for treating him for this malady, as well as the bill that this defendant had for treating his wife, he would surrender to her the notes described in said mortgage and release said mortgage, to all of which this defendant assented; that plaintiff gave this defendant at that time said notes, and agreed to release said mortgage, but that the plaintiff has failed, neglected and refused to comply with all of the terms of his agreement, in that he has not released said mortgage as agreed. Defendant here pleads the above agreement as an accord and satisfaction of said notes and mortgage. Wherefore, this defendant prays that it may be adjudged that there has been an accord and satisfaction of said notes and mortgage de-

scribed in petition of plaintiff; that the plaintiff be ordered to release the mortgage of record described in petition, according to his agreement, and, in case he refuses to do so, that a decree of this court be entered to this effect; that defendant be granted such other and further relief as may be just and equitable in the premises, and that she recover her costs herein expended." The reply is a general denial.

When the cause was called for trial, defendant demanded that the trial be had to a jury. The request was overruled, to which exceptions was taken, and the ruling having been presented in the motion for a new trial as one of the grounds therefor is now assigned for error. For the purposes of this decision, we may assume that, had the answer presented a legal defense to the action, a jury trial should have been awarded, but that question is not decided, as it is contended by plaintiff that no defense was presented, and that question requires our attention. It is to be observed that the facts set up in the answer and cross-petition are pleaded as "an accord and satisfaction of said notes and mortgage;" but that fact need not be given special attention, as under the code, if the facts stated entitle a party to relief, it may be granted, if sustained by the evidence, without reference to what name may be given the defense by the pleader. The averments of the answer may be fairly summarized to be that, prior to the transactions set up, she was a practicing physician and surgeon in the city of Falls City, and was employed by plaintiff to treat him; he agreeing that, if she effected a cure, he would give her the notes sued upon, but in any event she was to be paid for her time and medicine; that subsequently plaintiff expressed the opinion that he was cured, and then agreed that, if defendant would cancel the bill she had against him for the treatment of himself and wife, he would surrender to her the notes and release the mortgage, and to which she assented; that he gave her the notes, but refused to cancel the mortgage. There is no averment that

defendant ever canceled her bill which she held against plaintiff, or offered so to do, and hence there was no execution of any such contract on her part, and, until she has complied with her alleged contract, there was no satisfaction of the mortgage debt. The notes, being only the evidence of the debt, even if voluntarily surrendered to her, would not cancel the obligation without a performance by her. This is elementary. *Van Housen v. Broehl*, 58 Neb. 348; *Goble v. American Nat. Bank*, 46 Neb. 891; 1 Cyc. 311 *et seq.* The district court did not err in refusing a jury trial.

It is next contended by defendant that the decree of the district court foreclosing the mortgage is not supported by the evidence. This contention cannot avail. If defendant upon the trial produced her full account against plaintiff, the whole amount thereof was about $225. The amount due upon the mortgage debt, including taxes paid, was not far from $1,500. After a careful reading of the evidence, we are wholly unable to see that defendant supported her defense of accord and satisfaction, even by her own testimony. It is not deemed necessary to review the evidence, as defendant made no effort to prove the satisfaction.

The decree of the district court is

AFFIRMED.

FAWCETT, J., not sitting.