Joseph D. GEESLIN, Jr., Special Deputy Insurance Commissioner for the Liquidation of the United Bonding Insurance Company of Indianapolis, Indiana, Appellant,

v.

KNIGHT BROTHERS, INC., et al., Appellees.

No. 76–1928.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1977.

Decided May 6, 1977.

Jerome J. Ortman, Omaha, Neb., for appellant.

Thomas F. Hoarty, Jr., Omaha, Neb., for appellees.

Before HEANEY, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

After a careful review of the record, briefs and arguments of the parties, we are convinced that the judgment of the District Court reforming the indemnity agreement between United Bonding Insurance Company and Knight Brothers, Inc., and entering judgment for Knight Brothers, Inc., should be affirmed for the reasons stated in Judge Denney's unreported opinion. *Joseph D. Geeslin, Jr., Special Deputy of Insurance Commission for the Liquidation of United Bonding Insurance Company of Indianapolis, Indiana v. Knight Bros., Inc., Andrew B. Knight and William R. Knight,* Civil No. 74–0–59 (D.Neb., filed July 9, 1976).

Alternatively, we think it clear that the action brought on behalf of United against Knight Brothers must fail because of a

prior accord and satisfaction. In 1965, Knight Brothers, Inc., and E. Stoltenberg & Sons entered into a contract with the State of Nebraska for construction work on a large interestate highway project. United provided a single contract bond for the joint venture; however, each company operated independently of the other on different parts of the project and neither expected to be responsible to United for the performance of the other's part of the project. While Knight Brothers successfully completed its part of the project, E. Stoltenberg & Sons encountered difficulties and eventually defaulted. Evidence introduced at trial established that both Knight Brothers and United made payments on several claims resulting from the default of E. Stoltenberg & Sons. Andrew Knight testified that it was his understanding that if he contributed to the settlement of these claims, his possible liability would end with the payments. This testimony was not contradicted by Herbert Story of United who was present at trial. It is also supported by a letter from Story to the counsel for Knight Brothers.

■ Whether an accord and satisfaction was reached usually presents a question of fact. *United States v. Aetna Casualty & Surety Co.,* 480 F.2d 1095, 1098 (8th Cir. 1973). Under Nebraska law, "[a]n accord and satisfaction is predicated upon an agreement between the parties based upon a consideration and fully executed on the part of the defendant, whereby the plaintiff's cause of action is satisfied or discharged." *Crilly v. Ruyle,* 87 Neb. 367, 127 N.W. 251, 252 (1910); *Schulze v. Jensen,* 191 Neb. 253, 214 N.W.2d 591, 593 (1974). *See also* 6 Corbin, Contracts § 1276 (1962). If the parties so agree, a part payment of a disputed debt may effectively operate as a discharge by accord and satisfaction. *United States v. Aetna Casualty & Surety Co., supra; Slade v. Swedeburg Elevator Co.,* 39 Neb. 600, 58 N.W. 191 (1894). It appears clear from the record that an accord and satisfaction was entered into by Knight Brothers and United on all claims United might have otherwise had against Knight Brothers because of the default of E. Stol-

tenberg & Sons. Geeslin, as the special deputy of the Insurance Commission for the liquidation of United, is bound by the existence of the prior accord and satisfaction.

Affirmed.