EUGENE W. KURKOWSKI, APPELLANT, v. MABEL M. BAILEY, APPELLEE.

279 N. W. 2d 401

Filed May 29, 1979. No. 42203.

Maupin, Dent, Kay & Satterfield and David A. Bush, for appellant.

Firmin Q. Feltz, for appellee.

Heard before BOSLAUGH, WHITE, and HASTINGS, JJ., and GRANT and SPRAGUE, District Judges.

GRANT, District Judge.

Plaintiff sues defendant for real estate commissions due on a listing agreement as later amended by a purchase agreement between defendant and a buyer. Defendant answered denying any indebtedness to plaintiff and pleading that plaintiff had been paid for any service rendered to defendant. Plaintiff did not file a reply to the answer.

The parties waived jury trial, and the matter was tried to the court. The court found generally for the defendant and further found there had been an accord and satisfaction between the parties. The court dismissed plaintiff's petition. Motion for new trial was duly filed and denied, and this appeal by plaintiff followed. We affirm the judgment of the trial court.

In view of defendant's answer asserting payment and plaintiff's failure to file a reply, "[w]e are met at the threshold of this case with the defendant's assertion that the plea of payment stands undisputed, and the verdict therefore should be sustained notwithstanding the evidence." Crilly v. Ruyle, 87 Neb. 367, 127 N. W. 251. That case goes on to fully dispose of defendant's contention in this regard, and we readopt the language of that case to the effect that "while section 134 [now section 25-842, R. R. S. 1943] of the code provides that every material allegation of new matter in an answer not controverted by a reply shall for the purpose of the action be taken as true, yet a litigant will not be permitted to

try his case in the district court as though a reply traversing the allegation in his answer were on file and insist in this court that no reply was filed." Crilly v. Ruyle, *supra,* at p. 370.

Evidence adduced at the trial showed that plaintiff and defendant entered into a written real estate listing agreement on January 20, 1973, and an agreement for the sale of real estate on February 5, 1973. This original listing agreement provided in part that defendant would pay a real estate commission of all amounts in excess of the "net listing" of $128,000. Later plaintiff prepared a purchase agreement which provided for the sale of the property for "the total sum of $128,000" on the face of the instrument, and which further provided in an attached addendum:  " * * * (2) Buyer agrees to pay $128,000.00 of which $110,000.00 will be paid to owner, as sale price of real estate.  The remainder to be paid in assuming all expenses of sale including charges of broker and release of rights to present renter.  (3) $18,-000.00 of the sale price will be charged to growing wheat, improvements, fences, and wells for cattle."  This purchaser had discussed buying the property with defendant before the date of the listing agreement, but there had been no discussion of price.

Defendant and purchaser executed this purchase agreement.  Plaintiff then obtained an agreement from the renters of the real estate (the son-in-law and daughter of defendant) to dispose of their rights and growing crops for $12,000.  Plaintiff contends that the balance of the $18,000, or $6,000, should be his commission.

Further evidence showed that on May 4, 1973, plaintiff came to the office of defendant's attorney and had a discussion with the attorney and defendant.  There is a dispute as to what was actually said, but there is competent evidence showing that defendant made various offers to plaintiff, ending up

with a $2,000 offer and that plaintiff accepted that amount "in full payment." It is undisputed that defendant drew a check in the amount of $2,000 payable to plaintiff; that on the check there was the notation "Commission in full"; and that plaintiff took such check, endorsed it, and then left the office with the check. It is also undisputed that plaintiff did not cash the check, but gave it to the buyer who returned it to the defendant on May 24, 1973, when the buyer completed his part of the purchase agreement.

On this set of facts, the trial court found there had been an accord and satisfaction between the parties. We agree. As stated in Schulze v. Jensen, 191 Neb. 253, 214 N. W. 2d 591, "The principal questions to be asked in determining whether a discharge by accord and satisfaction has taken place are: (1) Did the parties in fact agree that the performance rendered should operate as a final discharge and satisfaction; and (2) does that performance constitute a sufficient consideration for a return promise or for a discharge? 6 Corbin on Contracts, § 1276 (1962). And the question of whether a payment rendered by the obligor, and later asserted to be in satisfaction, was so tendered to the claimant that he knew or should have known that it was tendered as full satisfaction is a question of fact. 6 Corbin on Contracts, § 1277 (1962)." Jury having been waived, the trial court sat as the trier of facts. If believed, those facts showed that the parties agreed that the performance by defendant in giving plaintiff a $2,000 check in full payment should operate as a final discharge; and that such performance constituted a sufficient consideration for a discharge. Under the circumstances as shown the requirements of an accord and satisfaction, as set out in Crilly v. Ruyle, 87 Neb. 367, 127 N. W. 251, were fully complied with. The agreement was made, there was consideration, and the agreement was fully executed by defendant.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.