JOSEPH ROSENBERG, APPELLANT, V. LINCOLN FEDERAL SAVINGS AND LOAN ASSOCIATION, APPELLEE.

365 N.W.2d 809

Filed April 12, 1985. No. 83-867.

George O. Rebensdorf, for appellant.

J. Michael Rierden of Wolfe, Hurd, Rierden & Luers, for appellee.

BOSLAUGH, HASTINGS, CAPORALE, and SHANAHAN, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Plaintiff-appellant, Joseph Rosenberg (Rosenberg), sought cancellation of a deed conveying real estate to the defendant-appellee, Lincoln Federal Savings and Loan

Association (Lincoln Federal). The trial court dismissed the petition upon a finding that Lincoln Federal had proved its affirmative defense of accord and satisfaction. We affirm.

We review this equity action de novo on the record, making independent findings and conclusions. Neb. Rev. Stat. § 25-1925 (Reissue 1979).

On January 18, 1980, Lincoln Federal loaned $1,200,000 to L & L Investments (L & L), a partnership comprised of Ronald Rosenberg (plaintiff's son) and Richard Svoboda. The note, cosigned by plaintiff, was secured by a mortgage on the Terminal Building, Lincoln, Nebraska, owned by L & L.

Lincoln Federal required additional collateral which was provided by plaintiff, who gave a collateral security agreement to Lincoln Federal pledging Lot 15, Block 1, Spencer's Addition, Lincoln, Lancaster County, Nebraska, known as the Midas property, as additional security.

In October 1980 L & L needed $350,000 to pay improvement costs. A second loan in the amount of $1,550,000 was secured from Lincoln Federal and a new mortgage given on the Terminal Building. This loan was used to pay off the first $1,200,000 loan and to provide the $350,000. There is some dispute, but the evidence supports a finding that a condition of the second loan was that the same properties and the security agreement would provide the loan security. Rosenberg again acted as a cosigner for the note; no new security agreement was executed by him.

L & L defaulted the $1,550,000 loan, and in December 1982 Lincoln Federal commenced a foreclosure action claiming $1,655,351.97 due on the note secured by the Terminal Building mortgage and the security agreement. Named defendants were the partnership, all partners, and Joseph Rosenberg. On December 15, 1982, the parties reached a settlement agreement. Lincoln Federal agreed to dismiss the foreclosure action against all parties and to release them from any further liability. In exchange L & L and plaintiff agreed to convey the secured properties to Lincoln Federal. This was accomplished by the dismissal of the suit on January 19, 1983, and corresponding · transfers of deeds—L & L conveyed the Terminal Building to defendant, and plaintiff conveyed the Midas property to

defendant. Further, plaintiff was given an option to repurchase the Midas property within 60 days at a cost of $170,000. During the option period, plaintiff received all rental from the property; the option was not exercised.

In substance, Rosenberg's assignments of error are that the trial court erred (1) in finding that Lincoln Federal has met its burden of proving an accord and satisfaction and that he had failed to meet his burden of proof; (2) in failing to find that the doctrine of merger should operate to release the Midas property from liability to Lincoln Federal; and (3) in failing to find fraud on the part of Lincoln Federal.

Plaintiff contends that the collateral security agreement which he signed incident to the $1,200,000 loan was released when that loan was paid, since the security agreement was not renewed. The evidence shows that the security agreement continued as security for the new loan.

" 'An accord and satisfaction is predicated upon an agreement between the parties based upon a consideration and fully executed on the part of the defendant, whereby the plaintiff's cause of action is satisfied or discharged.' " *Ruehle v. Ruehle*, 161 Neb. 691, 699, 74 N.W.2d 689, 694 (1956). See, also, *Crilly v. Ruyle*, 87 Neb. 367, 127 N.W. 251 (1910).

Defendant had the burden to prove its affirmative defense of accord and satisfaction.

The principal questions to be asked in determining whether a discharge by accord and satisfaction has taken place are: (1) Did the parties in fact agree that the performance rendered should operate as a final discharge and satisfaction? and (2) Does that performance constitute a sufficient consideration for a return promise or for a discharge? The question of whether a payment rendered by the obligor, and later asserted to be in satisfaction, was so tendered to the claimant that he knew or should have known that it was tendered as full satisfaction is a question of fact. *Kurkowski v. Bailey*, 203 Neb. 582, 279 N.W.2d 401 (1979). See, also, *Cox v. Rippe*, 146 Neb. 309, 19 N.W.2d 514 (1945).

The key element of accord and satisfaction is the intent of the parties, which, although as a general rule presents a question of fact, becomes a question of law when evidence creates no

692

conflict as to intent. *Meyers v. Frohm Holdings, Inc.*, 211 Neb. 329, 318 N.W.2d 716 (1982).

There is no merit to plaintiff's claim that Lincoln Federal agreed to dismiss the foreclosure suit with prejudice, which was breached by its dismissal without prejudice, and, therefore, there was no meeting of the minds. The negotiations for the dismissal were between officers of Lincoln Federal and Ronald Rosenberg, attorney for plaintiff and one of the defendants. There is no evidence of such an agreement, and the release (later discussed) effectively released plaintiff of all liability.

The evidence is clear that there was a meeting of minds between the parties on or about December 15, 1982, when plaintiff, in exchange for his release from potential liability under the note which he cosigned on December 29, 1980, and in exchange for the dismissal of the foreclosure action which was then in progress, conveyed to Lincoln Federal the deed to the Midas property. Rosenberg testified: "Q. Do you understand this document to mean that given those conveyances [the Terminal Building and Midas property] to Lincoln Federal, that you would be released from any further liability on all notes, mortgages, collateral security agreement? A. Yes."

Further, in a letter to Gerald Maddox, then president of Lincoln Federal, dated February 11, 1983, plaintiff stated that it was his understanding the deed to the Midas property was delivered in exchange for a release from personal liability on the December 1980 promissory note which he had signed.

Lincoln Federal's intent is shown by the execution and delivery of this "RELEASE," which reads in part:

The undersigned, President of Lincoln Federal Savings and Loan Association, . . . for and in consideration of conveyance of properties owned by L & L Investments, a partnership, and commonly known as the Terminal Building, the parking lot adjacent to the South and the parking garage at the Southwest corner of 9th and "O" Streets, Lincoln, Nebraska, and property owned by Joseph Rosenberg described as Lot 15, Block 1, Spencers Addition to Lincoln, Lancaster County, Nebraska [the Midas property], does hereby *forever and unconditionally discharge Ronald Rosenberg and Sheila Rosenberg,*

*husband and wife, and Joseph Rosenberg, a single person, from any and all further liability due the said Lincoln Federal Savings and Loan Association which may have been incurred as a result of execution of notes, mortgages and collateral security instruments for purposes of obtaining a loan in the original principal sum of $1,550,000 upon said aforementioned properties.*
(Emphasis supplied.)

" '[A]n accord and satisfaction of a claim or demand, whether liquidated or unliquidated, may be, and, where the parties so intend or agree, is effected by the transfer and acceptance of *property* . . . .' " (Emphasis supplied.) *Meisinger v. Johnson*, 162 Neb. 360, 367, 76 N.W.2d 267, 272 (1956); *Dunbier v. Stanton*, 170 Neb. 541, 103 N.W.2d 797 (1960).

Any question of the sufficiency of consideration is resolved by *Farmland Service Coop., Inc. v. Jack*, 196 Neb. 263, 242 N.W.2d 624 (1976), holding that the settlement of a dispute between parties is a sufficient consideration for purposes of supporting an accord and satisfaction.

Lastly, there is no dispute that Rosenberg accepted the agreement. He stated in his testimony that he understood the consequences of his actions and that he freely and voluntarily signed the deed and transferred title to Lincoln Federal. This being true, the third prong of the *Kurkowski* test has been met, and the defense of accord and satisfaction was proved.

In view of the dismissal of the foreclosure action without prejudice, and the proof of accord and satisfaction, the issue of merger is not discussed.

Concerning the last assigned error, there is no evidence of a fraudulent intent on the part of Lincoln Federal, and that issue fails. " '[A] fraudulent intent or the equivalent thereof is an essential element of fraud . . . .' " *Trebelhorn v. Bartlett*, 154 Neb. 113, 118, 47 N.W.2d 374, 379 (1951).

AFFIRMED.