TIMOTHY NESTER v. THE ESTATE OF JAMES G. ROSS, DECEASED.

*Estates of deceased persons—Trust—Claim for damages—Equity jurisdiction.*

The equity court is the proper forum in which to litigate a claim for damages against the estate of a deceased person for the non-performance of a contract providing for the sale by the decedent of certain lands conveyed to him in trust to secure advances made to the claimant, or the manufacture and sale of the timber thereon, and that, after the repayment of said advances and interest, the remainder of the lands should be owned in common by the parties to the contract; it not being claimed that there was any breach of the contract or default on the part of the decedent in his lifetime, but claimant relying upon a breach by the administrator.

Error to Marquette. (Stone, J.) Argued November 24, 1893. Decided December 22, 1893.

Appeal from the disallowance of a claim by commissioners in probate court. Claimant brings error. Judgment affirmed. The facts are stated in the opinion.

*E. J. Mapes* (*T. E. Tarsney,* of counsel), for appellant.

*Clark & Pearl* and *John D. Conely,* for defendant.

MONTGOMERY, J. On the 21st of November, 1887, the claimant, Timothy Nester, had an equitable interest in a valuable tract of pine land in Marquette county. One Jacob Seligman held the title to the lands as security for money advanced. On this date Seligman conveyed to James G. Ross, at the request of claimant, and Ross and Nester entered into an agreement in writing relating to the transaction, which recited that Ross had advanced to Seligman, on Nester's account, $41,000, and that James Connolly had

been instrumental in interesting Mr. Ross in the enterprise. It was agreed, first, that Ross should proceed to sell the lands or manufacture the timber from the lands, and pay —First, the amount of the advance, $41,000, and interest at 7 per cent.; second, 5 per cent. commission to Connolly, in case there should be only sufficient for that purpose; but if there was left more than sufficient value in the lands to pay Connolly after the repayment of the $41,000 and interest, then the lands so remaining were to be owned in common between Ross and Nester, and one-half the com-. mission was to be paid by each. It was further recited in the agreement that, as Ross was not acquainted with the value of the lands conveyed by Seligman, Nester had conveyed to Ross certain lands in Baraga county as further security for the repayment of the advances with interest. "It is further understood that said party of the first part [Ross] shall dispose of the said timber or lands, or the logs cut therefrom, as rapidly and as economically as is practicable for the best interests of both first and second parties."

Mr. Ross died on the 1st day of October, 1888. On the 17th of July, 1889, James Connolly was appointed administrator of his estate in the State of Michigan. Mr. Nester sought to induce Connolly to sell the lands to him or to others, but no steps were taken to do so. Nester thereupon filed his claim against the estate, claiming to recover damages for a breach of the contract with Ross, for which he alleges that the estate is liable. It is not claimed that there was any breach of the agreement or default on the part of Ross during his lifetime, but claimant relies upon a breach by the administrator. The circuit judge directed a verdict in favor of the estate on the ground that the claimant's remedy is in equity.

We think the circuit judge was right. The conveyance

created a trust in favor of the claimant.   If it was a security
for debt it was likewise something more, and vested an
interest in Ross in all lands and timber remaining after he
had realized by sales the amount invested, $41,000, and
interest.    The instrument in question left Ross a certain
discretion relative to selling; and whether this has been
abused, and whether there should now be a sale and an
accounting, are questions cognizable by a court of equity.
The remedy by allowance of a claim against the estate could
not be final so long as the trust remains unperformed.

Counsel for claimant rely upon *People v. Wayne Circuit
Court*, 11 Mich. 404, and *Wheeler v. Arnold*, 30 Id. 304,
as sustaining their right to recover in this case.   In *People
v. Wayne Circuit Court*, it was said by Mr. Justice
CAMPBELL:

" I am very strongly inclined to the opinion that under
our probate system the court of chancery has only juris-
diction in those cases in which an adequate remedy does
not exist in the probate court."

Conceding this to be a correct exposition of the law, the
present is precisely such a case.   The only method by
which the damage which claimant has sustained by reason
of any default of the trustee can be definitely ascertained
is by closing up the trust, and this can only be done
through the intervention of a court of equity.   In *Wheeler
v. Arnold* the claim under consideration was a mere money
demand.   The Court say:

" If, as claimed by the plaintiff, there were no assets,
or none remaining after the debts were paid, then the
liability would be a simple money liability, which could
be settled without any legal obstacle in an ordinary action,
and no other form of accounting would be required or
specially appropriate."

This case in no way conflicts with the views herein
expressed.   In case of a mere money demand, an award of

judgment would furnish adequate and final relief; but, as we have pointed out, such is not the case here.

Judgment will be affirmed, with costs.

The other Justices concurred.