ELLA L. FOWLE, ADMINISTRATRIX, ETC., v. KATHERINE K. BARNES, EXECUTRIX, REUBEN HATCH, EXECUTOR, ETC., AND FRANCES E. GRIFFIN.

*Trust—Accounting—Equity jurisdiction.*

Complainant's intestate contracted with defendants' testator to plat and sell a tract of land owned by the latter, who was to furnish all of the money necessary to the performance of the contract, for which he was to be reimbursed, as also for the purchase price of the land, from the moneys received from the first sales of lots, and the remainder of the moneys realized under said contract were to be equally divided between the parties. Complainant's intestate platted the land, and sold nearly enough lots to reimburse defendants' testator, which money he received, and then revoked the power of attorney he had given complainant's intestate, and sold a portion of the remaining lots, and received the money therefor; and at the

time of the death of the respective parties a number of the lots were unsold, and no accounting had been had between them. Complainant thereupon filed a bill for an accounting by defendants for the moneys received by their testator, and for a sale of the remainder of the lots, and an equal division of the net proceeds arising from such sale. And it is held that the trust was a continuing one, and that the rights of the parties cannot be properly adjusted except in a court of equity; following *Nester v. Ross Estate*, 98 Mich. 200.

Appeal from Grand Traverse. (Ramsdell, J.) Submitted on briefs January 2, 1894. Decided February 12, 1894.

Bill for an accounting. Defendants Barnes and Hatch appeal from an order overruling a demurrer. Decree affirmed, and defendants given 20 days in which to answer. The facts are stated in the opinion.

*Umlor & Pulcipher,* for complainant.

*Hatch & Wilson,* for appellants, contended:

1. The probate court has exclusive jurisdiction of the matter sought to be litigated in this case, and hence the bill will not lie; citing *People v. Circuit Court*, 11 Mich. 393; *Patton v. Bostwick*, 39 Id. 218; *Shurbun v. Hooper*, 40 Id. 503; *Dickinson v. Seaver*, 44 Id. 624; *Patrick v. Howard*, 47 Id. 40; *Aldrich v. Annin*, 54 Id. 230; *Lafferty v. Bank*, 76 Id. 35, 68; and the remedy in probate court is ample; citing *In re Estate of Rathbone*, 44 Mich. 57; *Shelden v. Walbridge*, Id. 251.

LONG, J. The bill filed in this cause sets forth a contract between Smith Barnes and Wolcott F. Griffin, by the terms of which said Griffin was to plat and sell a certain tract of land, known and platted as the "Second Fernwood Addition to the City of Traverse City;" all moneys, including the purchase money and incidental expenses, to be furnished by said Barnes, he to be reimbursed by the moneys received from the first sales of lots, after which the parties were to divide the proceeds, share and share alike. It further alleges that said Griffin platted said addition, and sold a number of lots nearly sufficient to

reimburse said Barnes for all moneys expended, and that said Griffin was afterwards debarred from a participation in the management of said business, which was thereafter controlled by said Barnes while living, and by his estate since his death. This bill was filed for the purpose of compelling the executors of the estate of said Barnes to come to an accounting for the proceeds derived from the sale of said real estate,—which, it is claimed, are held in trust for the complainant,—and to secure a sale by order of the court of the portions of said property remaining unsold, and to make a division of the proceeds. A general demurrer to the bill was filed by defendants Barnes and Hatch, and was overruled by the court below. From this order, defendants Barnes and Hatch appeal.

It appears from the bill that, after the execution of this contract, and its partial performance by Griffin, Smith Barnes himself took, or pretended to take, the management of this property out of the hands of said Griffin, and himself sold several parcels or lots, taking the moneys therefor, but that no accounting has been had between the parties. It also appears that some 19 lots remain unsold. The contention of the defendants is that these matters can properly be adjusted in the probate court, and that complainant's claim should have been presented there, and that, therefore, it is not a case calling for the interposition of a court of equity. It seems, however, that the trust is a continuing one, and we think the rights of the parties cannot be properly adjusted except in a court of equity. A quantity of property remains yet unsold, according to the statements contained in the bill; and certainly the probate court, with its limited jurisdiction, would not be the proper forum to adjust the equities between the parties as to that part of the trust. We think the case is governed by *Nester v. Ross Estate,* 98 Mich. 200.

The order of the court below must be affirmed, with

costs. The defendants will have 20 days to answer the bill after notice of the entry of decree here.

The other Justices concurred.