## RUGGLES v. MERRITT.

TRUSTS—REAL PROPERTY—ACCOUNTING—NOTICE.

Where complainant and another invested funds for their principal, under an agreement in writing providing that title should be taken to all real property in the principal's name, he to retain title to the land if so required for five years, and, upon selling the property, should account for one-half of the net profits, no interest in the lands was created, but merely an interest in the proceeds; so that upon the conveyance to a third party subject to the agreement, and upon his death purchasers of the land from the heirs of decedent could not be compelled to account for proceeds under the agreement of which they had notice.

Appeal from Manistee; Withey, J. Submitted April 10, 1911. (Docket No. 65.) Decided July 5, 1911. Rehearing denied September 29, 1911.

Bill by Charles E. Ruggles against James E. Merritt, Nellie Merritt, and the Buckley & Douglas Lumber Company, for an accounting. From a decree overruling demurrers to the bill of complaint, defendants appeal. Reversed.

*Norris & McPherson,* for complainant.

*Wilson, Wilson & Rice,* for defendant Buckley & Douglas Lumber Co.

*Geo. E. & M. A. Nichols,* for defendant Merritt.

The bill of complaint was filed April 25, 1910. The case made by the bill may be briefly stated as follows: A writing was made by one D. W. Bradley, dated April 8, 1867, reciting that D. D. and C. F. Ruggles were to proceed to locate and purchase pine timber lands, and marsh, and cause the same to be entered in the name of, or to be conveyed to, D. W. Bradley and to make no charge

or claim against the land or against Bradley for their services and expenses in that behalf. Bradley was to furnish money to pay for the land—not less than $2,000— hold the land for a term of five years if the Ruggleses required him to do so.

"And the party of the second part hereby agrees and stands bound to the parties of the first part, to pay over to them or account to them, the parties of the first part, for one-half of the balance of proceeds of said land, or of the sale thereof, after being reimbursed for all payments for and expenditures on said land as aforesaid with interest on the same, meaning hereby one-half of net profit derived from the same."

Subsequently, and before May 2, 1868, lands were purchased in accordance with the agreement so recited and title was taken in the name of Bradley, and specific descriptions of land given in the bill amounting to 240 acres. These lands were conveyed May 2, 1868, by Daniel W. Bradley and his wife, by quitclaim deed, to William H. Bradley, the deed reciting that as a part consideration for the lands the grantee undertook to carry out the said contract of the grantor. Complainant succeeded to all the rights of Daniel D. Ruggles in the profits arising out of lands purchased under the contract.

On or about April 3, 1872, the accounts between William H. Bradley and complainant were adjusted and settled in such manner that thereafter they became equally interested in the proceeds of said lands thereafter received, subject to allowances for advancements and disbursements thereafter made by either. William H. Bradley died, and his heirs and devisees conveyed the described land, on or about November 28, 1903, by quitclaim deed, to defendant Nellie Merritt. The deed conveyed also about 1,800 acres of other lands, the consideration being $500. The timber on 200 acres of the described land and on about 120 acres of other land was conveyed by Nellie Merritt, by warranty deed, to defendant Lumber Company, on or about September 15, 1904, for a consideration of $6,549.

Complainant is advised and believes that defendant James E. Merritt negotiated for the transfer from the Bradley heirs to his wife Nellie and received and retained all or some of the proceeds derived from the sale by her to defendant Lumber Company. Complainant is also advised, and believes and therefore charges, that Nellie W. Merritt, because of the recital in the deed from Daniel W. to William H. Bradley, "by reason of the inadequacy of the consideration paid for the lands conveyed to her by the heirs of said William H. Bradley * * * by reason of the fact that the conveyance to her was by quitclaim deed, and by reason of other facts and circumstances of which she had knowledge, obtained and holds said lands * * * and the proceeds thereof," subject to complainant's rights to have an accounting therefor and to receive a portion thereof, and that James E. Merritt in so far as he received the proceeds holds them subject to an accounting with complainant. The defendant Lumber Company purchased with full knowledge of complainant's interest and " with knowledge of such facts and circumstances as to charge it with notice " that the Merritts intended to appropriate the entire proceeds of the lands to their own use without accounting to complainant for any portion thereof. None of the defendants have accounted and paid over to complainant any part of the proceeds of said lands or timber. For relief it is prayed that the said defendants account to complainant for his interest in the proceeds. Defendants Merritt demurred to the bill and defendant Lumber Company filed its separate demurrer. The demurrers were overruled, with leave to answer. Upon various grounds, the demurrers challenge the sufficiency of the bill, and so far as may be necessary these will be noticed.

OSTRANDER, C. J. ( *after stating the facts* ). From the facts stated, and admitted by the demurrers, it follows that the original agreement was fully performed by the Ruggleses during the life of Daniel W. Bradley; it was

partly performed by Mr. Bradley, who furnished the money.   What remained to be done was to sell and convey the land and upon accounting pay over to the Ruggleses a portion of the profits, if there were profits.   A sale and conveyance by Bradley involved no exercise of a conferred, or a reserved, power, but the act of an owner, unrestrained, at least after five years, by any duty or obligation growing out of the contract relation except the duty of fair dealing.   In no event, and according to no legal theory, had the Ruggleses any interest in the land, nor was the land charged with any trust.   The interest of the Ruggleses was an interest in proceeds of sales to be made. *Petrie* v. *Torrent,* 88 Mich. 43 ( 49 N. W. 1076 ); *Carr* v. *Leavitt,* 54 Mich. 540 ( 20 N. W. 576 ).   This relation of the parties has not changed.

We shall assume that it was by consent of complainant that William H. Bradley was introduced to the contract relation, and that it was mutually understood that he should be substituted for Daniel W. Bradley with respect to the contract duty to divide the profits derived from sales of the land.   It is said that upon the death of William H. Bradley the legal title to the lands descended to his heirs, subject to a trust in complainant's favor, and *Fowle* v. *Barnes,* 99 Mich. 8 (58 N. W. 63), is relied upon to support this contention.   In that case the bill was filed to compel executors to come to an accounting for proceeds of sales derived by the testator and his executors from sales of real estate, to secure a sale of real estate unsold, and a division of proceeds.   There was involved nothing more than the enforcement of a contract relation, personal in nature, but relating to the proceeds of sales of certain lands.   In the case at bar, it would have been eminently proper for the complainant to have taken similar action upon the death of William H. Bradley.   If he had in his lifetime sold any of the lands, the profits remaining undivided at his death, complainant's demand for such profits would have been one against his estate. And as to lands unsold we think it was equally the duty

of complainant, instead of permitting a settlement of the estate, and a sale of the lands for the benefit of the estate, or the beneficiaries thereof, to have filed his bill against the representatives of Mr. Bradley to secure a sale of the lands and a division of proceeds in accordance with his alleged contract rights; to have compelled execution in full of a contract partly executory, because the estate of Mr. Bradley, as to its real extent and value, was affected by the contract with the complainant. Assuming that the duty to perform the contract devolved upon the legal representatives of Mr. Bradley and upon his heirs and devisees, it was still a duty to sell the land, acting in good faith, and divide the proceeds with complainant. Complainant's relation to the land did not change. And if the representatives, or the heirs, sold and conveyed the land, we can conceive of no reasonable theory according to which the contract duty could be devolved upon successive grantees until such time as the complainant chose to ask for an accounting. For the purposes of this case it is immaterial whether the conveyances were warranty or quitclaim deeds. It is material that the beneficiaries of the estate of Bradley sold the lands and were immediately liable to account to the complainant. These grantors are not made parties to the bill. It is not charged that the sale made by them was fraudulent. If fraudulent, it is not plain how any but the parties to the fraud could be held responsible. We are not advised by the bill of the manner of administering the estate of William H. Bradley, if it was administered, and we do not decide that the heirs of Mr. Bradley, or his devisees, owed to complainant a duty to account for any portion of the proceeds of the land in question. What we do decide is that, assuming that the contract obligation became their obligation, the duty to account became fixed when they sold and conveyed the land, and successive grantees, although having knowledge of the duty, are not required to ascertain at their peril whether they have or have not accounted.

We sustain the demurrer of defendants Merritt upon

the fourth and fifth grounds assigned therein and the demurrer of defendant Lumber Company upon each of the grounds therein assigned. The order and decree of the court below is reversed, with costs of both courts. Complainant may have 30 days after entry of decree in this court to amend the bill.

BIRD, HOOKER, BLAIR, and STONE, JJ., concurred.