IN RE ESTATE OF THOMAS CORMICK.
MARY CORMICK, APPELLANT, V. FIRST TRUST COMPANY OF
OMAHA, ADMINISTRATOR, APPELLEE. .

FILED DECEMBER 19, 1916.   No. 19089.

1. **Executors and Administrators: CLAIMS: PLEADING.** Petition examined, and *held* to plead an express contract between husband and wife, and to state the same cause of action as that stated in the claim filed in the county court.

2. **Husband and Wife: CONTRACTS.** An express contract between husband and wife that she shall receive reasonable compensation for extra and unusual services rendered him outside of her domestic duties is valid, and, when established by a preponderance of the evidence, is enforceable as against him or his estate.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE.   *Reversed.*

*Brogan & Raymond* and *A. S. Ritchie,* for appellant.

*E. W. Simeral, contra.*

MARTIN, C.

The plaintiff, Mary Cormick, was married to Thomas Cormick on April 22, 1903.   For some time prior to the marriage, said Thomas Cormick was a detective, with headquarters at Omaha.   He died on April 15, 1913.   The First Trust Company of Omaha was appointed administrator of his estate.   Mary Cormick filed a claim on December 13, 1913, against his estate, the nature of which is disclosed by the third paragraph of her petition, which is as follows:

"That on May 1, 1903, following her marriage to the said Thomas Cormick, at the special instance and request of the said Thomas Cormick, your petitioner became employed by the said Thomas Cormick to engage herself in the business of the said Thomas Cormick in the capacity of a private detective and assistant to the said Thomas Cormick; that the duties required of her in said

employment consisted of carrying on all correspondence, making out all reports, soliciting work, outlining and detailing instructions to operators (here follows a detailed statement of services performed) ; that said services were of the reasonable value of $2 per day."

The administrator filed a motion to dismiss her claim on the grounds: First, that the evidence is not sufficient to establish a claim against said estate in favor of said Mary Cormick; second, that under the facts proved the said Mary Cormick, as the wife of said deceased, is not entitled under the law to make any claim against said estate. The county court found that there was nothing due plaintiff and disallowed her claim. She took an appeal to the district court, and on March 18, 1914, filed her petition in said court, using the same language therein as quoted above. On October 15, 1914, she filed an amended petition in said district court; said amendment consisting of the words, "and the said Thomas Cormick agreed to pay her for her said services what the same were reasonably worth." On November 6, 1914, the administrator filed a motion to strike the said amendment from said amended petition, for the reason that the issues in the district court were changed from what they were in the county court, in that an implied contract was pleaded in the county court and an express contract was sought to be pleaded in the district court. This motion was sustained; and on the same day a demurrer was also sustained, on the ground that the petition did not state facts sufficient to constitute a cause of action. A reversal is asked on the contention that the trial court should have overruled the demurrer to the amended petition, and should not have sustained the motion striking out the amendment to said petition.

Does the petition in the district court state a different cause of action from that stated in the county court? The allegation in both courts is that Mary Cormick became employed at the special instance and request of the said Thomas Cormick to engage herself in the capac-

ity of a private detective and assistant to the said Thomas Cormick. From this phraseology an express contract, rather than an implied one, is alleged, and the word "employed" carries with it an implication to compensate her for the reasonable worth of her services.

"To be 'employed' in anything means, not only the act of doing it, but also to be engaged to do it; to be under contract or orders to do it." *United States v. Morris,* 39 U. S. *464, *475.

The amendment, under the liberality of our statute, should have been permitted as an amplification of the original petition, and should not have been considered as a change of the cause of action or the issues presented to the county court.

The important question to determine is whether, under our married woman's act, a husband and wife may contract with each other with reference to any matter not inherent in the contract of marriage itself. The services for which compensation is asked are not those necessarily involved in household duties or the marriage relation. She is taken from the home under the contract and placed in an office, and required to follow an extraordinary business, that of an assistant to a detective, far removed from the duties devolving upon the wife. The employment itself is evidence that the husband released the wife during the time she was to be engaged in office work for him from any domestic duties which he might have claimed from her by reason of their marriage. Is such a contract enforceable in this state? Common-law disabilities ·were removed and certain general powers were conferred upon women by the legislature of this state as follows:

Section 1560, Rev. St. 1913: "The property, real and personal, which any woman in the state may own at the time of her marriage, and the rents, issues, profits, or proceeds thereof, and any real, personal, or mixed property, which shall come to her by descent, devise, or the gift of any person except her husband, or which she shall acquire by purchase or otherwise, shall remain her sole and separate property, notwithstanding her marriage,

and shall not be subject to the disposal of her husband, or liable for his debts (except for necessaries when execution against the husband has been returned unsatisfied)."

Section 1561: "A married woman, while the marriage relation subsists, may bargain, sell, and convey her real and personal property, and enter into any contract with reference to the same in the same manner to the same extent, and with like effect as a married man may in relation to his real and personal property."

Section 1562: "Any married woman may carry on trade or business, and perform any labor or services on her sole and separate account; and the earnings of any married woman, from her trade, business, labor, or services, shall be her sole and separate property, and may be used and invested by her in her own name."

By these sections, or any part of them, are contracts between husband and wife excepted or prohibited? If not, the husband may contract with the wife, relative to services to be performed by her not inhering in the marriage relation, the same as he may contract with any other person. With reference to such exception, this court has spoken in the case of *May v. May*, 9 Neb. 16, wherein it is said: "This statute defining the rights of married women contains but one allusion to, or exception of, her husband. Property, the gift of her husband, may not remain her sole and separate property, not subject to the disposal of her husband or liable for his debts. In respect to property acquired by her in any other manner than by gift from him, the husband stands in the same relation to her as all the rest of the world. In the grant of general power (if I may ues the language) to her to 'bargain, sell, and convey her real and personal property, and enter into any contract in reference to it, to 'sue and be sued,' to 'carry on trade or business, and perform any labor or service on her sole and separate account,' and to use and invest her earnings in her own name, contracts with her husband are not excepted."

Other courts have taken the same view of similar statutes, and hold that contracts between husband and wife for extra and unusual services are enforceable, as will be seen from the following quotation from the supreme court of Pennsylvania: "Where a husband consents to the employment of his wife and agrees that the wages shall be paid to her, she can recover them as against him, and he forfeits and surrenders to her any claim that he might otherwise have to them. A husband may contract directly with his wife for the performance of extra and unusual services in the course of his business outside of the family relation, and such contract will be deemed a waiver by him of all claim to her wages, and she will be entitled to be paid for such services out of the proceeds of a sale of her husband's property." *Nuding & Schlouch v. Urich*, 169 Pa. St. 289.

The appellate court of Indiana has passed upon a similar question: "Under Horner's Rev. St. 1897, sec. 5115, abolishing all legal disabilities of married women to make contracts, except to convey real estate or enter into a contract of suretyship, and section 5130, providing that the earnings of a married woman, 'other than labor for her husband or family, shall be her sole and separate property,' a contract of a husband to pay his wife for services as clerk in his store is for a consideration, and valid." *Roche v. Union Trust Co.*, 52 N. E. (Ind. App.) 612. See, also, *Powers v. Fletcher*, 84 Ind. 154; *Moore v. Crandall*, 205 Fed. 689. "A husband can make a valid gift of his wife's services to her, for which she can maintain an action." *Farman v. Chamberlain*, 74 Ind. 82.

The distinction between the ordinary duties devolving upon the wife by reason of the marriage relation and the extraordinary services which she may render for the husband in his business is fully recognized in this state. "The married woman's act does not deprive the husband of his right of action for the loss of services or companion-

ship of his wife, and, notwithstanding that act, he may still recover to the extent that the injury sustained by his wife incapacitated her from performing the duties that reasonably devolve upon her in the marriage relation." *Omaha & R. V. R. Co. v. Chollette,* 41 Neb. 578.

In some jurisdictions contracts of this character between husband and wife have been declared invalid. While this court has never passed upon this particular question, it has decided that the husband, under the married woman's act, is not excepted from its provisions bestowing upon the wife general contracting powers with relation to her separate property and earnings. It follows that the wife may contract with her husband for compensation for services to be rendered by her not within contemplation of the married relation, and the husband is therefore bound by the character of the employment alleged in the petition. In case the claimant is able to show an express contract with her husband for compensation for the services rendered in his office by a preponderance of the evidence, she should be permitted to recover the reasonable value of said services. The trial court erred in sustaining the demurrer to plaintiff's petition. We recommend that the case be reversed and remanded for further proceedings.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings, and this opinion is adopted by and made the opinion of the court.

REVERSED.