WILLIAM FENCER *vs.* WILLIAM H. WILLS.

Plymouth.    January 20, 21, 1927. — May 20, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* Accounting.    *Frauds, Statute of.    Trust.*

Where, at the hearing of a suit in equity for an accounting, it appears that the plaintiff and the defendant had made an oral agreement whereby the plaintiff was to buy real properties for their mutual benefit, to take title in his own name, and advance money for any needed repairs and incidentals, and the defendant without bearing any losses was to finance the enterprise "through his banking connections, securing mortgages," and the properties were to be sold and the net proceeds equally divided; that some of the properties were taken in the plaintiff's name and some in the defendant's and that an accounting showed a balance due to the plaintiff, neither G. L. c. 259, § 1, cl. 4, nor G. L. c. 203, § 1, was a bar to the suit, the plaintiff making no claim to an equitable interest in the land, the title to which was in the defendant, and asserting no right to an accounting based upon the theory of a resulting or constructive trust, and the agreement not contemplating any transfer of land from one to the other or the creation of any estate or interest in the defendant.

BILL IN EQUITY, filed in the Superior Court with a writ in trustee process dated June 9, 1925, and afterwards amended and described in the opinion.

The suit was referred to a master.    Material facts found

by the master are stated in the opinion. The record disclosed objections to the report filed by the defendant, but no exceptions.

The suit was heard on the pleadings and the master's report by *Dubuque,* J., by whose orders there were entered an interlocutory decree "that the defendant's objections be overruled and the report of the master filed herein be confirmed," and a final decree ordering the payment to the plaintiff by the defendant of $1,373.26 and costs. The defendant appealed from both decrees.

*E. A. Egan,* for the defendant.

*T. W. Prince,* for the plaintiff.

Pierce, J. This is a suit in equity, wherein the plaintiff prays that an accounting be had between the parties; that an account of May, 1925, be confirmed and the plaintiff allowed to surcharge and falsify the account so far as it affects erroneous debts and credits; and for such other and further relief as to the court seems just and equitable. The case is before this court on appeal from an interlocutory decree overruling the objection of the defendant to the master's report and confirming that report, as also on appeal from the final decree entered September 28, 1926.

The facts found by the master, which are in accord with the stating part of the bill and are not inconsistent with the answer of the defendant, in substance show that in February, 1925, the plaintiff and the defendant had an oral agreement whereby the plaintiff was to buy real properties for their mutual benefit, the plaintiff to take title in his own name, advance money for any needed repairs and incidentals, the defendant to finance them without bearing any losses, "through his banking connections, securing mortgages," the properties to be sold and the net proceeds equally divided. In accordance with this arrangement two parcels of land were purchased, one a corner lot, with two houses upon it, on Broad Street in the city of Brockton. The title was taken in the plaintiff's name. This lot was divided into two lots. One of them was sold, the other is standing in the plaintiff's name. The statement of the account relative to the Broad Street property in an itemized form shows that the plaintiff

has received $1,197.83 more than he paid out and that the defendant has paid out $56.35 more than he received. Of the sum received by the plaintiff $800 was paid by him to the defendant in anticipation of expected profits. The "Defendant does not dispute that this [payment] should be accounted for."

In April, 1925, the defendant and a Mrs. Clapp entered into an agreement for the purchase and sale of two parcels of land with a dwelling house thereon, situated on North Main Street in the city of Brockton. Under the agreement the title was to be taken in the defendant's name, the defendant contending that "the reason for this was that he had secured the agreement to sell before plaintiff was in on the matter, that he suggested plaintiff to come in with him if he so desired, with the understanding that plaintiff and he divide profits equally." The master, however, found "that the parties entered into this transaction as one of the events to come under their general proposition, already spoken of, of plaintiff owning property, advancing necessary funds for repairs and incidentals and defendant financing the property and profits of sale to be equally divided." The place was to be repaired and then a mortgage of $5,000 was to be placed with the Whitman Co-operative Bank. It was agreed "that defendant would take title, after consummation of the necessary repairs and sign the mortgage note of $5,000 to the bank. Then the property would be deeded to plaintiff, subject to this mortgage." The "Defendant actually took title to the northerly portion of the lot in his name, repairs having been begun, placed thereon the $5,000 co-operative bank mortgage and a second mortgage to one Hayward in the sum of $800, although defendant agreed with Hayward that the consideration would be $700, which latter amount was actually received by the defendant." Title to the southern portion was taken in the name of Hayward. This portion was sold for $1,500 net, with the assent of the plaintiff. After the plaintiff learned from the records that title to a portion of the land was taken in the name of Hayward the defendant agreed to deed the portion in his name to the plaintiff. Of the purchase price of $4,800, $100 as a

binder was paid by the plaintiff, and the balance was paid out of the $5,000 mortgage given by the defendant, in pursuance of the agreement that the defendant would convey the equity to the plaintiff. After May 1, 1925, when the deeds were given the plaintiff did nothing more with reference to this property.

Between May 15, and May 28, it was agreed upon an accounting that the defendant owed the plaintiff a balance of $1,101.14 relative to the North Main Street property and to the Broad Street property. The master finds in reference to this accounting that a bill of $112 was credited to the defendant which was later paid by the plaintiff. He further finds that there "was not an accounting together in a technical sense." He makes an itemized statement of the account relative to the North Main Street property, and combining the net profits of the last account with the net profits of the account of the Broad Street property finds that the defendant has received $2,746.52 more than the plaintiff, with the result that the defendant owes the plaintiff one half of this sum, to wit, $1,373.26.

The defendant relies upon the defence of the statute of frauds. G. L. c. 259, § 1, cl. 4. G. L. c. 203, § 1. The plaintiff makes no claim to an equitable interest in the land, the title to which is in the defendant, and asserts no right to an accounting based upon the theory of a resulting or constructive trust. The parties by their accounting treated their agreement as fully executed on both sides, and as we understand it, neither makes claim to any interest in lands the title to which stands in the name of the other party to the agreement. It would seem to be immaterial on the facts whether the agreement as between them constituted a partnership in the full sense or was a joint adventure. The agreement did not contemplate any transfer of land from one to the other or the creation of any estate or interest in the defendant. The subject matter of the agreement concerned alone the matter of profits and losses arising, or which might arise, from the sale of lands purchased and held under the terms of the agreement. We think the agreement is not a contract for the sale of lands or any interest in land, and

we further think it does not create a trust which is obnoxious to G. L. c. 203, § 1. *Trowbridge* v. *Wetherbee,* 11 Allen, 361. *Wetherbee* v. *Potter,* 99 Mass. 354. *King* v. *Barnes,* 109 N. Y. 267. Browne, Statute of Frauds, § 116. Having no equitable interest and claiming none in the North Main Street property, the plaintiff should not be charged for the "reasonable conservation" of that property by the defendant since the day of the May accounting.

It results that the interlocutory and final decrees should be affirmed.

*Ordered accordingly.*