WINIFRED PETERSON ET AL., APPELLANTS, v. WILLIAM D. MASSEY, APPELLEE.

53 N. W. 2d 912

Filed June 13, 1952. No. 33136.

*Herbert W. Baird,* for appellants.

*William F. Manasil* and *Conrad C. Erickson, for appellee.*

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Winifred Peterson as administratrix of the estate of Cora E. Massey, deceased, and Winifred Peterson and Claude Sizemore as heirs of Cora E. Massey, deceased, brought this action in the district court for Garfield County against William D. Massey. The purpose of the action is to establish that Cora E. Massey, who died intestate, was, at the time of her death on June 26, 1944, the owner of an undivided one-half interest in all the property, both real and personal, of which defendant was then seized and possessed, and to declare he is holding her interest therein in trust for the heirs of her estate and for an accounting thereof. Trial was had. After plaintiffs produced their evidence and rested, defendant demurred thereto. The court sustained the demurrer and thereupon rendered judgment for defendant. Plaintiffs filed a motion for new trial and, from the overruling thereof, have taken this appeal.

Appellants contend that in an equity action a defendant cannot test the sufficiency of the evidence without either resting or presenting his own case. While this is the rule in some states, this jurisdiction holds to the contrary.

A defendant is entitled to test the sufficiency of plaintiff's evidence without the risk of penalizing himself.

When a defendant demurs to the evidence or moves for a dismissal at the close of plaintiff's evidence, he thereby admits plaintiff's testimony to be true together with every conclusion which may be reasonably drawn therefrom.

When a demurrer to the evidence is sustained the case is ready for judgment.

If, on appeal, it is determined that the trial court

erroneously sustained either a demurrer to the evidence or a motion to dismiss, both parties are entitled to be placed in the same position they were in before the error occurred.

See, Pettegrew v. Pettegrew, 128 Neb. 783, 260 N. W. 287; Lucas v. Lucas, 138 Neb. 252, 292 N. W. 729; Casper v. Frey, 152 Neb. 441, 41 N. W. 2d 363; Paul v. McGahan, 152 Neb. 578, 42 N. W. 2d 172; Busteed v. Sheffield, 153 Neb. 253, 44 N. W. 2d 471.

The question then arises, is the evidence introduced sufficient to support a judgment for appellants? This being an equitable action to enforce a constructive trust, we shall consider the record de novo. In doing so we shall apply the rules in regard thereto that have hereinbefore been set forth.

Cora E. Sizemore and William D. Massey, appellee herein, were married on January 25, 1909. She had been previously married, and appellants Winifred Peterson and Claude Sizemore were children of that union. They were apparently young when their mother remarried.

After their marriage the Masseys moved to a farm near Decatur, Nebraska. Later they moved to a farm near Rosalie, then to one near Bartlett, and finally to one near Ericson. All of these places are in Nebraska. Then, about 1931, they moved to Burwell, Nebraska, where they bought a home. They lived there until Mrs. Massey died. She died on June 26, 1944. The evidence shows that while they lived on these farms that on occasions Mrs. Massey worked in the field, which work included shucking some corn.

When the Masseys started farming they rented. It appears they had few worldly possessions to start with although Mrs. Massey had about $700. Her parents helped them with some machinery and the use of horses.

The first land the Masseys bought was a 40-acre tract near Rosalie in Thurston County, Nebraska. This tract they later sold and then bought a tract of 140

acres near Ericson. This was also sold. At the time of Mrs. Massey's death appellee owned the home they then lived in in Burwell, a business building in Burwell, and a 1,200-acre ranch north of Burwell, all of which was then reasonably worth about $10,100. He was possessed of very little personal property and about all the cash he had was used in paying the expenses of Mrs. Massey's last sickness and burial. It appears that whenever appellee was considering selling or buying any property he would always talk the matter over with Mrs. Massey and in doing so refer to the matter as "our" property, saying that "It's your's as well as mine." Then she in turn would tell him he was head of the household and whatever he did was all right.

Appellant Winifred Peterson did not immediately live with the Masseys after the marriage but later, when they lived near Rosalie, she joined their household. She was then 14 years of age. She lived with them about four years when she was married. After that she did not live with them again although she visited in their home occasionally. Nothing is shown as to appellant Claude Sizemore in this respect.

In Box v. Box, 146 Neb. 826, 21 N. W. 2d 868, we quoted with approval, in regard to constructive trusts, the following from Pollard v. McKenney, 69 Neb. 742, 96 N. W. 679: "Thus if one person procures the legal title to property from another by fraud or misrepresentation, or by an abuse of some influential or confidential relation which he holds toward the owner of the legal title, obtains such title from him upon more advantageous terms than he could otherwise have obtained it, the law constructs a trust in favor of the party upon whom the fraud or imposition has been practiced. Again, if a party obtains the legal title to property by virtue of a confidential relation, under such circumstances that he ought not, according to the rules of equity and good conscience as administered in chancery, hold and enjoy the benefits; out of such circumstances

or relations, a court of equity will raise a trust by construction and fasten it upon the conscience of the offending party and convert him into a trustee of the legal title." Of course the burden of establishing such a trust is always upon the person who bases his rights thereon and he must do so by evidence the quality of which is clear, satisfactory, and convincing. 54 Am. Jur., Trusts, § 618, p. 477.

Appellants' position is primarily based on the allegations of their second amended petition to the effect that when Cora E. Sizemore and William D. Massey were married they orally agreed upon and entered into a business partnership or joint enterprise for the purpose of engaging in farming, ranching, and trading in farms, ranches, and residence properties, including acreages; that she contributed $750 of money and goods as original capital therefor; that she agreed to and did devote all of her nondomestic or nonhousehold time and labor thereto; and that all the properties owned by them and held in his name at the time of her death were the result thereof and that she owned a one-half interest therein by reason thereof.

"A partnership is an association of persons organized as a separate entity to carry on a business for profit." § 67-306, R. R. S. 1943.

"Partnership is a contract of two or more competent persons to place their money, effects, labor, skill, or some or all of them, in lawful commerce or business, and to divide the profit or bear the loss in certain proportions." Baum v. McBride, 143 Neb. 629, 10 N. W. 2d 477.

"A joint adventure is in the nature of a partnership, but may exist where persons embark on an undertaking without entering on the prosecution of a business as partners strictly but engage in a common enterprise for their mutual benefit.

"To constitute joint adventure, there must be an agreement to enter into an undertaking in the objects

of which the parties have a community of interest and common purpose in performance, and each of the parties must have equal voice in the manner of its performance and control over the agencies used therein, though one party may entrust performance to another." Soulek v. City of Omaha, 140 Neb. 151, 299 N. W. 368.

The burden of establishing the existence of either a joint enterprise or a partnership is upon the party asserting that the relationship exists. See, Baum v. McBride, *supra;* 30 Am. Jur., Joint Adventures, § 63, p. 711. This burden the appellants have not carried for there is no evidence to establish either.

The evidence does establish that Mrs. Massey had $700 at the time of the marriage which was apparently used in their farming operations. However the evidence fails to prove that there was any understanding or agreement between them in regard thereto. But even though it could be said that this money ultimately became invested in one of the properties of which appellee was seized at the time of Mrs. Massey's death that fact would not help the appellants for it would be presumed to be a gift. See, Brodsky v. Brodsky, 132 Neb. 659, 272 N. W. 919; First Trust Co. v. Hammond, 140 Neb. 330, 299 N. W. 496. As stated in Brodsky v. Brodsky, *supra:* "No resulting trust necessarily arises in favor of a person furnishing the consideration, in whole or in part, for the purchase of property taken in the name of another, where the parties were sufficiently close so as to give rise to the presumption that a gift was intended. And where the parties are husband and wife, there is a presumption that the placing of title in the name of one spouse was intended by the other spouse as a gift." And the same would be true of personal property. See First Trust Co. v. Hammond, *supra.*

As to decedent's work outside of what were her domestic duties, this court has said: "An express contract between husband and wife that she shall receive reasonable compensation for extra and unusual serv-

ices rendered him outside of her domestic duties is valid, and, when established by a preponderance of the evidence, is enforceable as against him or his estate." In re Estate of Cormick, 100 Neb. 669, 160 N. W. 989.

But here no such express contract was established. In the absence thereof the following principle is applicable and controlling: " 'Though a wife renders services outside of the ordinary household duties, it is generally held that there is no implied obligation on the husband's part to pay her for them.' 13 R. C. L. 1089, sec. 113." Brodsky v. Brodsky, *supra.*

We have examined the evidence, which is very brief, and find nothing therein that would give rise to and support any holding that Cora E. Massey, at the time of her death, was the owner of any interest in the property of which appellee was then seized. In view thereof the claims of the appellants are without merit, the demurrer to the evidence was properly sustained, and judgment for appellee is correct.

Other questions are raised by appellee which are not without merit but in view of the foregoing need not be discussed. The judgment of the trial court is affirmed.

AFFIRMED.