VICTOR MEISINGER ET AL., APPELLANTS, v. WILLIS C. JOHNSON ET AL., APPELLEES.

76 N. W. 2d 267

Filed April 6, 1956. No. 33897.

*Ginsburg & Ginsburg* and *Benjamin Novicoff*, for appellants.

*Perry, Perry & Nuernberger*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

Plaintiffs are Victor Meisinger and Walter Meisinger. The defendants are Willis C. Johnson and Ruth G. Johnson, husband and wife. The defendant Willis C. Johnson will be hereinafter referred to as Johnson.

Plaintiffs pleaded that on or about January 27, 1953, the defendant Johnson undertook to procure from plaintiffs the sum of $6,000 with which to purchase 19 lots in an addition to the city of Lincoln; that Johnson agreed that he would use said sum to acquire the legal title to the real estate; that for convenience, title would be taken in the name of Johnson for the use and benefit of plaintiffs and Johnson; that Johnson agreed to sell the lots individually for the benefit of plaintiffs and Johnson; that out of the sale price received plaintiffs would be paid the amount of their advancement and the remaining profits divided equally; that until sold, the property would be held by Johnson for the use of

and in trust for the plaintiffs; and that in reliance on said agreement plaintiffs advanced to Johnson the sum of $6,000.

Plaintiffs further alleged that Johnson purchased the land; that the full purchase price paid was the sum of $6,000; and that he took title in his own name for the use and benefit of the plaintiffs.

It is further alleged that thereafter Johnson sold four of the lots, received the proceeds of the sale, and refused to account to plaintiffs.

It is further alleged that Johnson thereafter deeded ten of the lots to plaintiffs; that he refused to account to plaintiffs for the remaining five lots; and that he claimed to be the owner thereof.

Plaintiffs prayed for an accounting and judgment for the purchase price of the lots sold; and that title to the lots retained by Johnson be quieted in plaintiffs.

Defendants answered admitting that they are husband and wife and that plaintiffs loaned defendants $6,000. Defendants alleged that in payment thereof defendants delivered to plaintiffs a promissory note and that the note was usurious by its terms. Defendants admitted that they became the sole and only owners of the lots; and alleged a full and complete settlement by the conveyance of the ten lots to plaintiffs; that the value of the ten lots was $10,000; and that the amount received by plaintiffs in excess of the $6,000 was usurious.

Defendants prayed that plaintiffs' petition be dismissed.

By cross-petition defendants prayed for the recovery of usurious interest in the sum of $4,000 and $2,000 damages for loss of sales of the lots retained caused by the filing of a lis pendens against those lots.

The cause was tried. At the close of plaintiffs' case defendants moved to dismiss plaintiffs' cause of action.

The trial court held that plaintiffs had not established a resulting trust; that the parties had entered into a loose arrangement whereby plaintiffs loaned or in-

vested $6,000 under an agreement of the defendants to repay the sum of $6,000 and some share of the profits from the sale of the lots; that the defendants became the owners of the lots involved with the obligation to account for profits; and that the delivery of the deed to the ten lots to the plaintiffs and its acceptance by them constituted an accord and satisfaction.

The court decreed that plaintiffs' cause be dismissed, and that the cross-petition be withdrawn without adjudication.

Plaintiffs appeal.

We have deemed it advisable to set out the allegations of plaintiffs' petition due to the variance between those allegations and the proof. We consider the evidence in the light of the rule that: "When a defendant demurs to the evidence or moves for a dismissal at the close of plaintiff's evidence, he thereby admits plaintiff's testimony to be true together with every conclusion which may be reasonably drawn therefrom." Peterson v. Massey, 155 Neb. 829, 53 N. W. 2d 912.

The evidence offered by the plaintiffs as to the agreement involved is not in serious dispute.

Plaintiffs were engaged in the floor covering business, dealing with contractors, builders, and home owners. Defendant Johnson was a builder and a purchaser of floor coverings from plaintiff.

Johnson had located a parcel of unplatted land in Lincoln that he wanted to subdivide and sell as lots. Johnson did not have the purchase money. In December 1952, he approached the plaintiffs. They discussed a partnership of buying, developing, and selling lots for a profit. Plaintiffs objected to a partnership because it would place them in competition with their building contractor customers. It was agreed that Johnson would take title to the land and sell the lots and plaintiffs "would realize a profit." Johnson was to develop, plat, and sell the lots, and plaintiffs were to have no "part of that." Plaintiffs were to furnish the money. The first money

to be realized from the sale of lots was to "retire" the $6,000 and then the profits were to be "split." Plaintiffs were to get "at least half" when a lot was sold, depending on the amount of money needed by Johnson for further development.

It was understood that plaintiffs were to borrow $6,000 from a bank and the first money realized from the sale of lots was to be used to retire that loan. Plaintiffs borrowed the money from the bank at 6 percent interest.

On January 27, 1953, plaintiffs gave Johnson a check for $6,000. The money was to be used to purchase the land. Also on January 27, 1953, defendants made and delivered to plaintiffs and one Carl Wunder an instrument on a promissory note form for $6,000. In the space reserved for the due date is written the names of the makers. The contract interest rate was 10 percent from date. Plaintiffs testified that they wanted this as "security" in case something happened to Johnson.

Carl Wunder is a half brother of the plaintiffs and at the time here involved was a partner in the Meisinger Brothers business.

Johnson used part of the $6,000 to buy the property. Some of it was used in another business venture of plaintiffs and Johnson.

The above is all the material evidence which we find in the record as to the agreement between the parties.

The rule is: "To establish a resulting trust the evidence must be full, clear, and satisfactory." Klamp v. Klamp, 51 Neb. 17, 70 N. W. 525. See, also, Brodsky v. Brodsky, 132 Neb. 659, 272 N. W. 919. The above is but a different way of saying that the burden of establishing a resulting trust is always upon the person who bases his rights thereon and he must do so by evidence that is clear, satisfactory, and convincing. Peterson v. Massey, *supra*.

Plaintiffs' evidence does not meet that test so as to establish a resulting trust.

Here the interest of the plaintiffs was not an interest in the land, nor was the land charged with a trust. The interest of the plaintiffs was that of a contract, personal in nature, relating to the proceeds of the sale of lands. Ruggles v. Merritt, 166 Mich. 457, 132 N. W. 112. The subject matter of the agreement concerned alone the repayment of a loan and the matter of profits from the sale of lands purchased. The agreement was not a contract for any interest in land and did not create a trust in the land. Fencer v. Wills, 259 Mass. 546, 156 N. E. 841.

We have held: "A loan or advance of money to be invested in some enterprise, the lender to have a share in the profits as a remuneration for such loan or advancement, he having no interest in the property made the subject-matter of the business, and no power of management or control of such property, does not constitute such lender a partner." Waggoner v. First Nat. Bank of Creighton, 43 Neb. 84, 61 N. W. 112.

We affirm the judgment of the trial court in its findings as to the matters above discussed.

Johnson platted the parcel of land into 19 lots. He sold four of the lots at considerations fixed by him and retained the proceeds. He reported these sales to the plaintiffs. He did not tell the plaintiffs the amounts he had received from the sales. He built a house on one of the lots for a home for himself.

Plaintiffs asked Johnson for reports on his dealings as to these lots, but not as to the sum of money per lot. Plaintiffs wanted money to meet their indebtedness to the bank and to use in their business. They were demanding money.

In July 1954 plaintiffs became insistent. Johnson had no cash. He offered to deed lots to plaintiffs "but it wouldn't be a final reckoning." The quoted statement goes to an offer of settlement and was made preliminary to the transaction later had.

Thereafter, Mrs. Johnson delivered a deed to the ten

lots to the plaintiffs. With the deed Mrs. Johnson delivered a writing dated July 28, 1954, acknowledging receipt of the deed and containing this sentence: "We hereby declare any and all money owed us by Willis C. and Ruth G. Johnson to be paid in full as of this date." Plaintiffs were requested to sign the receipt at the time they accepted the deed.

Plaintiffs were not then ready to close the transaction. The deed and the receipt were left with the plaintiffs with the agreement that if they accepted the deed the receipt was to be returned signed to the Johnsons.

Defendants also at that time requested a return of the note. Plaintiffs said it was mislaid. Defendants requested a return of the note with the receipt. At the time the deed and receipt were delivered to plaintiffs there was no conversation about a definite sum involved.

Plaintiffs did not execute and return the receipt to the defendants. They did not return the note. They did accept the deed to the ten lots. They recorded the deed and thereafter sold some of the lots and otherwise treated the ten lots so conveyed as their own. The plaintiffs' evidence is that they took the deed because it "was better than nothing at all."

The petition herein was filed October 15, 1954.

Plaintiffs offered as admissions against interest, interrogatories propounded to the defendant Johnson. One of the questions was: "Were any of said above described lots deeded by you?" Johnson answered in part: "I deeded * * * (the ten lots to plaintiffs) in full settlement of plaintiffs' claims as stated in the petition herein and in full settlement of said promissory note and loan of January 27th, 1953, and in full settlement of all controversies between the parties hereto."

This evidence relates not to the preliminary offer which plaintiffs testified to that was not to "be a final reckoning" but to the conditions under which defendants tendered the deed that was accepted by the plaintiffs.

Defendants, when the deed was delivered, were under no contractual obligation to deed the lots to plaintiffs. Their obligation was to sell the lots, pay plaintiffs $6,000, and "split" the profits. Upon this evidence the trial court held that there was an accord and satisfaction. In that it did not err.

The rule is stated in 1 C. J. S., Accord and Satisfaction, § 20, p. 487, as follows: "It was apparently first laid down by a case in the time of Coke (Pinnel's Case, 5 Coke 117a) and has subsequently been treated by most authorities as settled law, that an accord and satisfaction of a claim or demand, whether liquidated or unliquidated, may be, and, where the parties so intend or agree, is effected by the transfer and acceptance of property, * * *. The general rule, stated infra § 29 a (1), that a smaller sum cannot be a satisfaction of a larger debt or demand, because there is no consideration for the discharge thereof, has no application to a case of transfer of property, for a debtor is under no obligation to deliver, or a creditor to accept, anything other than money, in discharge of a debt or demand, and when they do so, there is such a giving and acceptance of something other or different from that which is claimed or owed as to bring the transaction within the definition of accord and satisfaction, and to provide the requisite new consideration."

One further matter requires attention. The motion to dismiss made by defendants was unconditional. The trial court decreed that defendants' cross-petition was "withdrawn without adjudication." Plaintiffs assign this as error.

The rule is that where defendant pleads a counterclaim and upon conclusion of plaintiff's evidence moves for and procures a proper dismissal of plaintiff's cause of action without first withdrawing his counterclaim, he thereby waives it. Bedford v. Herman, 158 Neb. 400, 63 N. W. 2d 772.

The trial court should have held and decreed that defendants had waived their cross-petition.

We remand the cause with directions to render a decree in accord herewith.

All costs in this court and the trial court are taxed to plaintiffs.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.

BOSLAUGH, J., participating on briefs.