CALLIE JAMERSON, ALSO KNOWN AS CALLIE JIMERSON, ET AL., APPELLANTS, V. DILLON REALTY COMPANY ET AL., APPELLEES.

93 N. W. 2d 10

Filed November 14, 1958. No. 34423.

*Frederick D. Williams* and *Robert H. Blanchard,* for appellants.

*Schmid, Snow & Ford, Swarr, May, Royce, Smith, Anderson & Ross, A. J. Whalen, Ephraim L. Marks,* and *Paul A. Rauth,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action in equity seeking the rescission and cancellation of a deed to real property, or in the alternative for an accounting.

The plaintiff, Callie Jamerson, is a single person and the plaintiffs, Donald Johnson and Johannah Cromwell Johnson, are husband and wife, Mrs. Johnson being the daughter of Mrs. Jamerson.

The status of the defendants will be made to appear later herein.

The cause of action as to one defendant was dismissed before trial. We refer to that later herein.

Trial was had as to the remaining defendants. The trial court sustained motions to dismiss at the close of plaintiffs' case-in-chief. The trial court rendered judgment for two defendants on a cross-petition. Plaintiffs appeal here.

We sustain the judgment of the trial court in dismissing the plaintiffs' cause as to all defendants and

modify the judgment on the cross-petition as to judgment debtors only.

We review the evidence subject to the rule that: "When a defendant demurs to the evidence or moves for a dismissal at the close of plaintiff's evidence, he thereby admits plaintiff's testimony to be true together with every conclusion which may be reasonably drawn therefrom." Meisinger v. Johnson, 162 Neb. 360, 76 N. W. 2d 267.

Mrs. Jamerson and Mrs. Johnson were the owners of a residence property in Omaha which was Mrs. Jamerson's home. It was encumbered by two mortgages. It was decided to sell it so that Mrs. Jamerson could purchase a home in a more desirable section of Omaha. Mrs. Jamerson called the Dillon Realty Company (one of the defendants) and advised them of her desire to sell. A representative of that company called and Mrs. Jamerson listed the property for sale on a form provided for that purpose. It provided in part: "Permission is hereby given to list this property with the Multiple Listing Exchange of the Omaha Real Estate Board." The Multiple Listing Exchange of the Omaha Real Estate Board is made up of members of the real estate board who make their listings available to the other members for cooperation in effecting sales. It is made a defendant here because this listing was made available to the members of the exchange. Within a few days one Hubert B. Russell, a member of the exchange, appeared at the Jamerson home with a prospective purchaser named Herbert S. Wintroub. He made an offer of purchase which was accepted in writing by Mrs. Jamerson and Mrs. Johnson. In course of time the transaction was ready for closing. Russell took a warranty deed to the plaintiffs who executed and acknowledged it and gave it to Russell to take to Wintroub, complete the deal, and receive the money for them.

In the meantime Russell had been negotiating for a new home for Mrs. Jamerson and it was agreed be-

tween them that $1,000 of the price received for the sale of the old home should be used as the down payment on the new home.

Russell delivered the deed to Wintroub. It recited that Wintroub and his wife were grantees. They are defendants and are cross-petitioners herein. Wintroub paid Russell the balance due after adjustment of taxes and other items. Russell then submitted a statement of the transaction to Mrs. Jamerson. It showed deductions for taxes, commission, and rent pending the closing of the deal, etc., and a balance due of $1,170.35. There was a deduction for rent to be paid to Wintroub and a $10 error in calculation. In any event Russell gave to Mrs. Jamerson his check for $70.35 and retained $1,000 to be used as the down payment on the other house. Mrs. Jamerson endorsed the check and put it in process of payment. Before it reached the bank on which it was drawn, Russell died and accordingly the check was not paid. This check had written on its face: "Including $1,000.00 down payment on 2565 Pratt; Bal of proceeds on 934 N. 26 St.," (the property sold).

The record does not show what was done by Russell with the $1,000. It was not used by him as a down payment on the new home property. Plaintiffs join Dillon Realty Company and Multiple Listing Exchange as defendants on the theory that Russell was their agent and acting for them, and on that basis apparently seek to recover the $1,070.35, being the $1,000 retained by Russell and that represented by the check of Russell for $70.35.

We need explore this contention no further than to point out that the transaction of the sale of the property, with which Dillon Realty Company and the Multiple Listing Exchange were concerned, was entirely closed and satisfactorily so to Mrs. Jamerson and Mrs. Johnson. So far as this record is concerned, Russell proceeded in accord with their directions. He retained the purchase money for a purpose entirely separate and

apart from the sale of the property and as a result of an agreement made by Russell with Mrs. Jamerson, and with Mrs. Johnson's knowledge and acquiescence.

There is neither pleading nor fact which challenges the validity of the conveyance from the plaintiffs to the defendants Wintroub. The deed is challenged for a failure of consideration. Yet consideration was paid and received as above set out.

The trial court did not err in dismissing the plaintiffs' petition as to the defendants above named.

Evelyn Russell, executrix of the estate of Hubert B. Russell, was also made a party defendant. The petition recites no basis for liability of the executrix save as inferentially plaintiffs desire to secure a judgment for the money retained by Russell. The trial court sustained a demurrer of the executrix. The plaintiffs having failed to plead further, the trial court dismissed the cause as to the executrix. In that it did not err. Obviously the only relief the court could grant the plaintiffs would be for money only. The rule is: "A district court of this state lacks original jurisdiction to hear and adjudicate a cause of action for money only claimed to have existed against a person at the time of his death. Original jurisdiction of such a claim and the allowance or rejection thereof is, by the Constitution of the state, conferred upon the county court having jurisdiction of the estate of the deceased debtor." Flessner v. Wenquist, 156 Neb. 378, 56 N. W. 2d 294.

During the time elapsed for closing the transaction Mrs. Jamerson paid rent to Mr. Wintroub, at first through deductions made by Russell, and then direct to Mr. Wintroub after the deed had been delivered. She continued to pay rent to him until about the inception of this litigation. She remained in possession of the property. Neither Mr. nor Mrs. Johnson occupied it during that time.

By cross-petition the defendants Wintroub sought to recover for loss of rentals on the property purchased

by them. It was stipulated that the reasonable rental value of the property was $55 per month from April 1956. The trial court awarded judgment for that amount per month against the plaintiffs from August 15, 1956, until such time as the plaintiffs vacate the premises and surrender possession to the defendants Wintroub. Plaintiffs assign as error the rendering of the judgment against Mr. Johnson. We deem it error, as also is the judgment against Mrs. Johnson. Neither of the Johnsons were in possession of the property as tenants or otherwise. Neither of them is liable to pay rent. Neither of them can surrender possession for they do not have it. The findings and decree are accordingly modified so as to provide that the judgment, insofar as rents are concerned, shall be against Mrs. Jamerson only. In all other respects the judgment is affirmed. All costs are taxed to the plaintiffs.

AFFIRMED AS MODIFIED.