MAMIE ROOT ET AL., APPELLEES, v. MORNING VIEW
CEMETERY ASSOCIATION, A CORPORATION, ET AL.,
APPELLANTS.

119 N. W. 2d 696

Filed February 15, 1963. No. 35280.

Donald H. Kelley, Wilson & Barlow, and Hollman & McCarthy, for appellants.

Beatty, Clarke, Murphy, Morgan, Pederson & Piccolo, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This case came before the court on a motion for rehearing. The last paragraph of the opinion which was adopted is as follows:

"The judgment of the district court is reversed and the cause remanded."

Substituted for this paragraph for all of the purposes of the opinion is the following:

"The judgment of the district court is reversed and the cause dismissed."

With this substitution the motion for rehearing is denied.

REVERSED AND DISMISSED.

CARTER, J., dissenting.

I respectfully dissent from that part of the supplemental opinion dismissing the action. I agree that the judgment is not sustained by the evidence and should be reversed.

The action involves the disposition of the remainder of the estate of the testatrix by the residuary clause of her will. Testatrix made the cemetery association her residuary legatee. The amount of the residuary estate was stipulated to be between $260,000 and $270,000. The heirs of testatrix contend that $25,000 is all that can be reasonably used in carrying out the statutory purposes of the cemetery association and that the balance of the legacy is void as being against public policy.

The heirs submitted evidence as to the small size of the cemetery, its location in a sparsely settled area, the general condition of the cemetery, the amounts expended for maintenance and care which were from $230 to $637.69 for each of the preceding 7 years, the funds on hand in the amount of $1,709.35, the number of lots unsold, the number of burials per year which averaged 8, and other evidence, similar in nature, indicating little need for funds.

As a defense, the association produced evidence of needed improvements to the cemetery which included estimates of the cost of purchasing additional land, a pump irrigation system, ornamental fencing, ornamental gates, a one-story administration building with full basement, landscaping, paving, water and sewage, seeding, trees and flowers, labor, and other minor needs. The estimates submitted for these improvements totalled $102,305.28. There was no evidence that these estimates were reasonable in amount. There was no evidence that these proposed improvements were reasonably needed by the association under all the circumstances shown. There was no evidence of the cost of maintenance and perpetual care other than the testimony of the president of the association that it would cost $4,000 a year for a permanent caretaker.

At the close of defendants' evidence the heirs moved for judgment in accordance with the prayer of their petition. The trial court sustained the motion and directed that $35,000 be given the association and the balance be paid to the heirs of the testatrix. The dismissal of the action by this court is based on the conclusion of the majority that the heirs submitted their entire case at the close of defendants' evidence. I submit that this is not so. The record shows that during the course of the argument on the motion for judgment at the close of defendants' evidence and in response to an inquiry by the trial court, counsel for the heirs stated: "I think the procedure would be that if the mo-

tion were overruled, we would go ahead with our evidence, if we had any; but we feel there is nothing here that calls on us to rebut anything, because there is no competent evidence in the record here to sustain any amount." The motion for judgment being sustained, the trial was terminated. The statement made by counsel in arguing the motion for judgment was not a submission of the whole case on its merits. There is nothing to indicate an intention to submit anything more than the motion for judgment at the close of defendants' evidence for the ruling of the court. There is nothing that even resembles a "rest" by the heirs that would preclude the submission of rebuttal evidence. The heirs, upon a reversal, are entitled to produce rebuttal evidence under the following rule: "If, on appeal, it is determined that the trial court erroneously sustained either a demurrer to the evidence or a motion to dismiss, both parties are entitled to be placed in the same position they were in before the error occurred." Peterson v. Massey, 155 Neb. 829, 53 N. W. 2d 912. I submit that the heirs, by this court's erroneous dismissal of the action, have been deprived of the right to show the unreasonableness of the association's evidence, a right which if exercised, could well change the result of the litigation.

We are here dealing with a noncharitable association with limited statutory powers. The rule generally is that such an association organized for a specified purpose and having limited statutory powers may benefit from a bequest, legacy, or devise to the extent that it can be put to a reasonable use within the purposes and powers of the association, and any amount over that which can be reasonably used cannot be accepted as a matter of public policy.

Our opinion does not hold that the evidence shows that the rule of public policy, recognized by the opinion, has not been violated. It simply holds that the evidence does not show that it has. By the present disposition of the case the court bars the heirs from producing the

evidence which our opinion holds was fatally absent from the record. After permitting the association to present its evidence, the effect of the dismissal is to deny the heirs the right to refute the evidence of the association, the only evidence purporting to sustain the testamentary gift as not being in violation of public policy.

I submit that the dismissal denies the heirs the fundamental right to rebut the evidence of the association. It violates the holding of this court in Peterson v. Massey, *supra*. It denies the right of the heirs to be heard on the theory of the case advanced by the cemetery association. Whether or not any part of the testamentary gift is void as being against public policy is a question of fact. By the distorted interpretation placed upon the argument of the heirs in support of their motion for judgment, which in my opinion the record nowise supports, the heirs are erroneously deprived of their right to meet the evidence of the association which goes to the very heart of the lawsuit. The error is a grievous one that violates every principle of justice and right. I submit that the judgment should be reversed and the cause remanded for further proceedings.